**In re BENDER BODY CO.**
No. 55795.

District Court, N. D. Ohio, E. D.
Sept. 18, 1942.

Motion for Leave to Intervene Denied
Sept. 28, 1942.

See, also, D.C., 2 F.R.D. 413.

234

Paul Clarke and Henry B. Johnson, both of Cleveland, Ohio, for Hugh Wells, Trustee.

David Ginsburg, Gen. Counsel, Brunson MacChesney, Asst., William I. Robinson, Sp. Litigation Atty., of Washington, D. C., James C. Gruener, Reg. Atty., of Cleveland, Ohio, and Austin Fleming, Atty., all of Washington, D. C., for Office of Price Administration.

WILKIN, District Judge.

Case heard on motion of The Midland Steel & Equipment Company and Michael Tauber & Company to reconsider application for leave to enter appearance. The motion to reconsider is based on the assumption that the Price Administrator will join in consent decree or withdraw from case and thereby leave these applicants without opportunity to present their cause. While the Administrator has not yet consented to a decree nor withdrawn, and it may well be that the Administrator's contemplated action with reference to a consent decree or withdrawal might be based on grounds which would militate against the contentions of the applicants here, still the court has considered the arguments of applicants on the facts which they assume.

■ It seems to the court that the claims of these applicants are based entirely upon provisions of a law that is particularly and specifically public in nature. Such provisions bestow no rights upon purchasers. The law relied on was put into effect with the object of preventing inflation. It was not prompted by any consideration for individual purchasers such as the applicants. The Administrator made an appearance and contended for the public interest before the Referee. The Referee

ruled against the Administrator. If the Administrator now determines to abide by the Referee's ruling or to consent to a decree, that terminates the case. It is the judgment of this court that no individuals or private parties have the right to intervene or interfere in any way with a disposition of the case which to the Administrator seems right.

The court acknowledges that there are some authorities which by analogy indicate that purchasers at a bankrupt sale are parties to confirmation proceedings (In re Byrd Coal Co., Inc., D.C., 21 F.Supp. 664) and to that extent indicate that, in such circumstances as here prevailed, the purchasers would have been heard if they had presented their contentions to the Referee; but such rights, if they exist, should have been asserted at the original hearing. They come too late when the case is here on petition for review. The bankruptcy law provides that: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review", etc. Sec. 39, sub. c, Bankruptcy Act, 11 U.S.C.A. § 67, sub. c.

Rule 24, Federal Rules of Civil Procedure, does not supersede the express provisions of the bankruptcy law. General Order in Bankruptcy No. 37. Parties who fail to appeal according to law cannot become parties by intervention.

Court adheres to views expressed in its memorandum at time of denying leave to appear. Motion overruled.

### Order.

This cause having come on for hearing on a petition of Leon Henderson, Price Administrator, for review of an order made by the Referee in Bankruptcy on December 19, 1941, dismissing the motion of said Leon Henderson, Price Administrator, to intervene and to oppose confirmation of the sale at public auction to the highest bidder of certain machine tools, a part of bankrupt's assets, at prices in excess of the maximum prices authorized by Price Schedule No. 1 issued by the said Leon Henderson as Price Administrator; and

It appearing to this court that the controversy between the Trustee and said Leon Henderson, Price Administrator, to-wit, whether the Bankruptcy law or the provisions of said Price Schedule No. 1 issued by the Price Administrator as afore-said govern the said bankruptcy sale, presents a question which is peculiarly and distinctly one of public law; and

It further appearing that the purchasers of said machine tools voluntarily bid and paid at said auction sale sums in excess of the maximum prices as set forth in said Price Schedule No. 1, and for that reason and because of the nature of the question here to be determined, as aforesaid, are precluded from objecting to the fact that said machine tools, a part of said bankrupt's assets, were sold to them in amounts in excess of said maximum prices; and

It appearing further to this court that by reason of the enactment of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 901 et seq., said controversy between the Trustee and Leon Henderson, Price Administrator, has become moot and the determination of said controversy will no longer serve any useful purpose.

Now, therefore, It is ordered, adjudged and decreed:

1. That the petition of Leon Henderson, Price Administrator, for review filed in this court is hereby denied; and

2. That the order of the Referee overruling the motion and the petition of said Leon Henderson, Price Administrator, opposing confirmation of said auction sale of said machine tools be, and the same is, vacated and set aside, for the reason that the questions presented are moot and a determination of said questions served no useful purpose; and

3. That the said motion to intervene and the petition to oppose confirmation of said bankruptcy auction sale filed by Leon Henderson, Price Administrator, with the Referee in Bankruptcy be, and the same are hereby dismissed; and

4. That the fund of Twenty Thousand Dollars ($20,000), a part of but segregated from other assets of the bankrupt's estate, pursuant to stipulation between Leon Henderson, Price Administrator, and the Trustee be, and the same is, released from the terms and conditions of said stipulation.

### On Motion for Leave to Intervene.

At the time of the presentation of the last foregoing order, counsel for the Midland Steel & Equipment Company and Michael Tauber & Company appeared and renewed the motion for leave to intervene, and said motion was overruled.