**Burton Stern, Bankrupt.**

**Burton STERN, Bankrupt, Appellee,**

v.

**Ralph BARNETT and Phillip Liss, Objecting-Creditors-Appellants.**

**No. 18799.**

United States Court of Appeals, Seventh Circuit.

Oct. 14, 1971.

A. S. Frankenstein, Chicago, Ill., for objecting-creditors-appellants Ralph Barnett and Phillip Liss; R. R. Frankenstein, Chicago, of counsel.

Ronald M. Brown, Mark A. Greenhouse, Chicago, Ill., for bankrupt-appellee.

Before KNOCH, Senior Circuit Judge, PELL, Circuit Judge, and GORDON, District Judge.[1]

PELL, Circuit Judge.

This appeal stems from a voluntary bankruptcy proceeding initiated by Burton Stern, appellee, on July 12, 1968. Objections to discharge were filed by the appellants, Barnett and Liss. Between March 31, 1969, and January 1970 some ten to twelve hearings were conducted on the specifications of appellants' objections to discharge. As a result of these hearings, on January 21, 1970, the referee stated that he was going to sustain the objections to the discharge. Subsequently at the same hearing he stated, "I think as far as this court is concerned, I have ruled already. I sustained your [Barnett's and Liss'] objections to the discharge." The referee directed one of appellants' attorneys to prepare an order in accordance with his determination together with a finding of facts.

However, before any final order was entered by the referee, Stern on February 24, 1970, filed an application to withdraw and dismiss his bankruptcy petition. After holding hearings in regard thereto, the referee entered an order on April 17, 1970, permitting the withdrawal and dismissal, without prejudice, of the bankruptcy petition conditioned upon the payment of certain costs and expenses.

A week later, Barnett and Liss filed in the district court a petition to review the referee's order. On June 19, 1970, the district judge adopted the referee's findings of fact, conclusions of law and order of dismissal. It is from this order that the present appeal was taken.

■ Whether the guidelines are found in equity rules or in the Federal Rules of Civil Procedure, the matter of permitting the withdrawal and dismissal of the bankruptcy petition is within the sound discretion of the bankrupty referee provided that the dismissal should not be permitted if anyone in interest will be unjustly prejudiced by permitting a withdrawal or cessation of the proceedings.

Prior to the adoption of the Federal Rules of Civil Procedure, "Equity Rules" were regarded as general guides in bankruptcy proceedings in the absence of more specific provisions but not controlling if unsuitable to the situation. The Federal Rules of Civil Procedure by virtue of Rule 81 did not apply to bankruptcy matters except insofar as they might be made applicable thereto by rules promulgated by the Supreme Court. General Order 37, effective February 13, 1939, however, provided that in proceedings under the Bankruptcy Act the Federal Rules of Civil Procedure should, "In so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." See 1 Remington on Bankruptcy § 31, at 65 (Henderson ed. 1950).

■ While it has been stated that the Federal Rules of Civil Procedure are only applicable to suits and proceedings brought in the federal courts in aid of bankruptcy proceedings, and apparently

---

[1]. The Honorable Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

not to proceedings before the referee, at least those of an administrative nature (*see* In re Bender Body Co., 47 F. Supp. 224, 231 (N.D.Ohio 1942)), the dismissal of the petition of the bankrupt is in our opinion sufficiently of a judicial character that Rule 41, Fed.R.Civ.P., would be applicable thereto. 5 Moore, Federal Practice ¶¶41.05 [1] and 41.-09, at 1059 and 1103 (2d ed. 1969); Conway v. Union Bank of Switzerland, 204 F.2d 603, 608 (2d Cir. 1953), appeal dismissed, Silesion Holding Co. v. Union Bank of Switzerland, 350 U.S. 978, 76 S.Ct. 454, 100 L.Ed. 848 (1956).

Subsection (a) (2) of Rule 41 governs voluntary dismissals upon order of the court. It is the intent of Rule 41(a) (2) to prevent voluntary dismissals which unfairly affect the opposing party. Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), cert. denied, 368 U.S. 831, 82 S.Ct. 53, 7 L. Ed.2d 33 (1961). Rather than being a matter of right, the allowance of a motion to dismiss under Rule 41(a) (2) is discretionary with the district court. Adney v. Mississippi Lime Company of Missouri, 241 F.2d 43, 45–46 (7th Cir. 1957); 5 Moore, *supra,* ¶41.05 [1], at 1055; 2B Barron and Holtzoff, Federal Practice and Procedure § 912 (Wright ed. 1961). "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 2B Barron and Holtzoff, *supra,* § 912, at 114.

The appellate court's scope of review is a narrow one. A reversal is warranted only if it can be shown that there was an abuse of discretion in the proceedings below. 5 Moore, *supra,* ¶41.05 ■, at 1069; 2B Barron and Holtzoff, *supra,* § 924, at 167. Thus the sole issue to be decided by this court is whether by adopting the referee's findings and conclusions, the district court incorrectly upheld an abuse of discretion on the part of the referee.

Citing Rules 58 and 79(a), Fed.R.Civ. P.; 1 Collier on Bankruptcy § 2.12 [1],

at 190 (14th ed. 1971); and Kanatser v. Chrysler Corporation, 199 F.2d 610, 622 (10th Cir. 1952), cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710 (1953), appellee emphasizes that the oral pronouncements of the referee have no force and effect absent the signing of a further written order, thereby implying that this court should not consider them on this appeal. While it is true that the oral pronouncements have no per se legal effect, it is our opinion that a distinction should be made between attributing legal effect to them and considering them when trying to determine whether appellants have been prejudiced.

■ We find it therefore within the proper scope of our review to consider the factors which were before the referee and were within his knowledge when he concluded that a dismissal was warranted.

While no doubt it is true that the objections to discharge filed by Barnett and Liss did not technically constitute a counterclaim, *cf.* In re Empire Coal Sales Corp., 45 F.Supp. 974, 976 (S.D. N.Y.1942), aff'd Kleid v. Ruthbell Coal Co., 131 F.2d 372, 373 (2d Cir. 1942), nevertheless if the appellants here were not directly seeking affirmative relief by their action they were at least involved in a necessary condition precedent to affirmative relief. The basis for their objection was of substantial consequence in that it was indicated that Stern had knowingly and fraudulently falsified his original statement of affairs by omitting six companies which he owned or substantially owned and that he knowingly and fraudulently falsified his original petition in failing to set forth five bank accounts which were active within two years preceding his filing of his petition. Other falsifications were also charged. If the referee had denied a discharge, Barnett and Liss would have been in a position to have proceeded by independent action against Stern without being barred either by pending bankruptcy proceedings or by a discharge in bankruptcy.

At the time the referee indicated he would permit the dismissal, the appellants argued that it was entirely reasonable to assume that Stern would thereafter institute new bankruptcy proceedings and avoid therein the matters which had been on the verge of bringing about a denial of a discharge.

On this appeal, Barnett asks us to take judicial notice that Stern in fact did file a subsequent bankruptcy petition. It might also be argued that this court is free to consider facts which have been admitted in argument and in the briefs on appeal and Stern's brief does not deny this factual allegation as to the subsequent procedure. *See* Kalimian v. Liberty Mutual Fire Insurance Co., 300 F.2d 547, 549 (2d Cir. 1962). There is also authority for taking judicial notice of a presently pending action in the district court. *Kalimian, supra,* at 549.

■ Nevertheless, we think here the better procedure would be to confine ourselves to the matter as it stood before the referee. In our opinion, Barnett and Liss were unduly prejudiced by the referee's action in permitting the dismissal and this was true at the time the action was permitted.

The situation which we have presented here is not the one in which the prejudice is merely that the objecting party must suffer the inconvenience of a second lawsuit. Those situations under Rule 41(a) (2) which indicate that the prospect of a second lawsuit should not bar a voluntary dismissal all contemplate the parties beginning the second proceeding on as equal a footing vis-a-vis each other as was present when the first proceeding was commenced, other, of course, than that additional litigation expenses might be incurred. That is not the situation in the case before us.

■ For the reasons stated herein we approve of the rule, which has been heretofore supported by very little direct judicial authority, stated in 7 Remington on Bankruptcy § 3007, at 59 (Henderson ed. 1955) as follows:

"Although a bankrupt doubtless may, by leave of court, be permitted to withdraw a discharge application, he has no absolute right to do so after hearing had on specifications in opposition and the opposing creditors have established their right to an order denying discharge." [Footnotes omitted.]

The situation bears analogies to that of withdrawing claims by creditors, *see* 2 Remington on Bankruptcy § 754, at 180 (Henderson ed. 1956).

Stern attempts further to support his position herein by pointing out that the bankrupt scheduled 22 unsecured creditors totaling approximately $285,000 and the objecting creditors were only 2 in number with claims totaling $68,500. No doubt in appropriate cases this would be a significant factor reflecting upon the discretion brought to bear upon the matter of dismissal by the referee. Here, however, of greater significance is the prejudicial effect on the two creditors involved and the meritorious nature of their objections to discharge.

Under the factual circumstances here involved there has been, in our opinion, an abuse of discretion in permitting and affirming the withdrawal and dismissal of the petition in bankruptcy.

Because of the result we have reached, it is not necessary for us to consider the alternative contention of Barnett and Liss that certain allowances to them for expenses on the dismissal were insufficient.

For reasons hereinbefore set out the dismissal of the bankruptcy proceedings entered by the referee on April 17, 1970, is hereby set aside and vacated, the judgment of the district court is reversed and the cause is remanded to the district court for further proceedings not inconsistent herewith.

Reversed and remanded.