**Paula VIENNEAU, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Allen SHANKS, Sheriff, Sauk County Jail, Sue Goette, Matron, Sauk County Jail, Cindi Shanks, Matron, Sauk County Jail, Bartley G. Mauch, District Attorney, Sauk County, their Agents, Officers, Employees, Successors, and all persons acting in concert or cooperation with them, Defendants.**

No. 76-C-659.

United States District Court,
W. D. Wisconsin.

Jan. 12, 1978.

Corrections Legal Services Program by Carol W. Medaris, Madison, Wis., for plaintiff.

Bell, Metzner & Seibold, S. C., by Michael E. Ehrsam, Madison, Wis., for defendants.

## ORDER

JAMES E. DOYLE, District Judge.

Plaintiff has moved to dismiss this case voluntarily and without prejudice. Defendants do not oppose the motion for dismissal, but contend that the dismissal should be with prejudice. Alternatively, defendants argue that the granting of a dismissal without prejudice be conditioned upon plaintiff's payment of all of defendants' costs of litigation, including attorneys' fees, or upon plaintiff's submitting to a deposition by defendants, or upon an agreement that defendants would not be required to reproduce all of the materials and information heretofore produced in response to plaintiff's discovery demands.

Although plaintiff has sought to prosecute this action in behalf of a class of persons similarly situated as well as in her own behalf, the motion for class certification has not been granted. I consider that the motion to dismiss is to be considered under Rule 41, Federal Rules of Civil Procedure and that I need not consider the provisions of Rule 23(e) relating to the dismissal of class actions.

With respect to defendants' first alternative demand, I note that plaintiff was granted leave to proceed *in forma pauperis* on the basis of her affidavit showing that she had no financial assets of any kind at the time she filed the lawsuit. She has been represented in these proceedings by a publicly-funded legal program. To condition a dismissal without prejudice on the payment of all of defendants' legal fees would be the exact equivalent of a dismissal with prejudice.

With respect to defendants' second alternative, I am aware from plaintiff's counsel's statements in her affidavit that plaintiff has left the institution to which

she was committed and has been out of contact with her counsel since October 21, 1977. To condition a dismissal without prejudice on plaintiff's submitting to a deposition would also be equivalent to a dismissal with prejudice. As to defendants' third alternative, it seems unobjectionable from any standpoint and can be incorporated into an order of dismissal.

The only question to be resolved is whether the dismissal of the lawsuit should be with or without prejudice, since the usual terms and conditions which might be imposed are beyond plaintiff's capacity to meet at this time.

■ Plaintiff's purpose in moving for a voluntary dismissal is to avoid having the case dismissed on defendants' motion for lack of prosecution based on plaintiff's absence from this jurisdiction and on her lack of contact with her counsel. The fact that defendants might have been entitled to a dismissal on that ground does not preclude me from considering the equities of the plaintiff as well as the prejudice to defendants in determining whether the dismissal should be with or without prejudice.

■ Defendants contend they will be prejudiced by a dismissal without prejudice. However, they have not supported this contention with any specific allegations of actual prejudice. They cite the prospect of additional legal fees if the lawsuit is reinstituted, but this factor is no more than an aspect of the inconvenience of a second lawsuit. The mere prospect of a second lawsuit is not a persuasive ground for the denial of a motion to dismiss without prejudice. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971).

■ Also, defendants suggest that plaintiff's conduct in leaving the jurisdiction without notice to her counsel is indicative of an attitude of potential vexatiousness or harassment toward defendants. I can appreciate that plaintiff's counsel may experience some irritation and disappointment at losing contact with her client; in no way am I persuaded that plaintiff's leaving evidences the potential that she or her counsel will engage in the filing of actions for purposes of vexation or harassment. On the contrary, as is clear from the granting of plaintiff's motion for a preliminary injunction, I believe that plaintiff's claim is a serious one on which she would be likely to succeed ultimately on the merits.

■ Defendants' third argument is that it may be difficult to defend this suit after a period of time has gone by. The answer to this argument is that the legislature has considered this problem in connection with legal actions of all kinds and has enacted legislation setting forth the maximum periods in which litigation may be brought. The statute of limitations protects defendants from having to defend a lawsuit too long after the events have occurred which gave rise to the action.

Finally, defendants urge that the dismissal should be with prejudice because the law of the circuit runs against plaintiff's claim. I do not accept defendants' assertion as to the state of the law; even if I were to accept it, this is not the point in the proceeding at which to consider it.

With respect to plaintiff's equities, it appears unlikely that she will seek to reinstitute this lawsuit in this jurisdiction. However, the claim she raised in the lawsuit is an important one and I am reluctant to foreclose her from ever reinstituting this lawsuit in the absence of a showing of prejudice to defendants and, in particular, without knowing anything about her mental condition at the time she left the institution, her reasons for doing so, or the circumstances under which she left.

■ On the basis of the foregoing discussion, it is ORDERED that plaintiff's motion is GRANTED and this action is DISMISSED pursuant to Rule 41(a)(2), without prejudice and without costs, on the one condition that if the lawsuit is reinstituted by plaintiff, defendants will be permitted to stand on the discovery materials filed previously in this action, subject to the rule requiring supplementation of responses and subject to orders of the court directing the production of additional materials.