TYCO LABORATORIES, INC. et al., Plaintiffs,

v.

KOPPERS COMPANY, INC. et al., Defendants.

No. 78–C–229.

United States District Court, E. D. Wisconsin.

June 4, 1979.

William H. Alverson, Godfrey & Kahn, Milwaukee, Wis. (Chester T. Kamin, Michael J. Rovell, Jayne W. Barnard, Michael H. Salsbury, Jenner & Block, Chicago, Ill., and Joshua M. Berman, Goodwin, Procter & Hoar, Boston, Mass., of counsel), for plaintiff.

L. C. Hammond, Quarles & Brady, Milwaukee, Wis., for Koppers.

David J. Cannon, Michael, Best & Friedrich, Milwaukee, Wis., for Fitzgerald & Reok.

William O. Fifield, Sidley & Austin, Chicago, Ill., for Outside Directors.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have filed a motion pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, for leave to dismiss this action, without prejudice, so that they may recommence the action in a state court in Delaware. The defendants oppose the motion.

The action was commenced in April, 1978, as a challenge to the efforts of Koppers to acquire stock in Cutler-Hammer Corporation, in which the plaintiffs held a substantial amount of recently-acquired shares. A special sale of preferred stock to Koppers by Cutler-Hammer was alleged by the plaintiffs to violate the federal securities laws. The plaintiffs' motion for a preliminary injunction was denied on April 28, 1978.

In June, 1978, the plaintiffs sold their shares of Cutler-Hammer stock to Eaton Corporation, which had agreed to merge with Cutler-Hammer. As a result, the plaintiffs moved for leave to file an amended and supplemental complaint, and that motion was granted on September 1, 1978.

The amended complaint changed the jurisdictional basis of the action to diversity of citizenship under 28 U.S.C. § 1332, and it added as defendants the members of the board of directors of Cutler-Hammer. The substantive claims are stated in two counts. Count I alleges that the defendants violated their fiduciary duty to the plaintiffs to

treat them fairly, and count II alleged, on behalf of a class of certain former Cutler-Hammer shareholders, that the directors violated their fiduciary duty to Cutler-Hammer shareholders by selling the preferred stock to Koppers for a grossly inadequate consideration.

On December 28, 1978, the plaintiffs moved for an order certifying the action as a class action as to count II.

On January 25, 1979, I granted Koppers' motion to stay a decision on the class certification motion pending discovery. Thereafter, I compelled the plaintiff to provide certain discovery relating to the class action motion. In April, 1979, the defendants filed their briefs opposing class certification, and the individual defendants moved to dismiss the action for failure to state a claim.

The plaintiffs seek to dismiss this action and to recommence the action in a Delaware state court because of challenges made by the defendants to this court's subject matter jurisdiction over the claims of alleged class members which do not exceed the $10,000 amount required by 28 U.S.C. § 1332, and because of assertedly novel and important questions of Delaware law raised by the motions to dismiss which, in the plaintiffs' view, should be resolved by a Delaware court.

Rule 41(a)(2) provides, with certain immaterial exceptions:

"[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

In *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971), the court of appeals for this circuit made the following observations about the Rule:

"It is the intent of Rule 41(a)(2) to prevent voluntary dismissals which unfairly affect the opposing party. . . . Rather than being a matter of right, the allowance of a motion to dismiss under Rule 41(a)(2) is discretionary with the district court . . . 'In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.' 2B Barron and Holtzoff, Federal Practice and Procedure, *supra*, § 912, at 114."

Unfortunately, the judicial gloss on the phrase "plain legal prejudice" is somewhat thin. An example of legal prejudice to the defendant was presented in *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D.Pa.1972). There the plaintiff brought an action claiming a violation of the securities laws, and one of the defendants counterclaimed for malicious prosecution. The plaintiff's proposal to dismiss its action voluntarily and without prejudice would have prevented the defendant from proving a necessary element of his malicious prosecution claim—the termination of the original action in his favor. Accordingly, the court allowed the plaintiff to dismiss its claim, but made the dismissal with prejudice.

On the other hand, it is clear that the mere fact that added legal expenses will be incurred if the suit is reinstated is not a sufficient ground for denial of a motion to dismiss without prejudice. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971); *Vienneau v. Shanks*, 78 F.R.D. 70 (W.D.Wis. 1978).

In *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir. 1969), the court found that the district court was justified in denying a motion to dismiss without prejudice where the case had been pending for one and one-half years, considerable discovery had been undertaken at a substantial cost to the defendant, and the defendant had already briefed its motion for summary judgment.

In *Germain v. Semco Service Machine Co., Inc.*, 79 F.R.D. 85 (E.D.N.Y.1978), the court allowed a plaintiff voluntarily to dismiss the action without prejudice so that the action could be reinstituted in New Jersey, which would afford the plaintiff the benefit of a more liberal statute of limitations. In weighing the benefit to the plaintiff against the prejudice to the defendant, the court observed that the case had

"reached only the preliminary stages of discovery, and there will be little duplication of effort if the motion is granted." Id. at 87. The court required the plaintiff to pay attorneys' fees in the sum of $500 to the defendant and required that the plaintiff agree that the existing discovery could be used in the New Jersey action.

 Koppers claims that it will suffer legal prejudice because it will be deprived of the present advantage of the limited jurisdiction of the federal court to diversity claims that exceed $10,000. In my view, this argument does not reflect any legal prejudice to the defendants. The alleged class members who do not have claims which meet the required amount in controversy may sue in state court regardless of the outcome of the present motion. Koppers' legal position, therefore, will remain unchanged even if the plaintiffs' motion is granted. Koppers also argues that it will be unable to bring a potential federal counterclaim in state court, but merely professing that a counterclaim might be filed should not defeat an otherwise competent motion by the plaintiff to dismiss. *Selas Corp. of America*, supra, 57 F.R.D. at 7.

The remaining arguments made by the defendants generally concern the delay and expense that will be incurred if the action is dismissed and recommenced.

It is my belief that this action is neither so old nor so far advanced as to require that the plaintiffs' motion be denied. Since it has not been determined whether the action will be maintained as a class action, the matter of parties has not yet been resolved. Discovery has related primarily to the class action question and has not yet progressed to the merits.

For these reasons, the plaintiffs' motion to dismiss will be granted. The plaintiffs will be ordered to pay attorneys' fees to the defendants, as part of the costs of dismissal, in the sum of $500 to counsel for each of the three defendants or groups of defendants. For that purpose, Koppers Company shall constitute one defendant; the outside directors of Cutler-Hammer shall constitute a second; and the defendants Fitzgerald and Reak shall constitute a third.

Although the action is brought as a class action, I do not believe that notice of dismissal to the class is required under Rule 23(e), Federal Rules of Civil Procedure. See *Yaffe v. Detroit Steel Corp.*, 50 F.R.D. 481, 483 (N.D.Ill.1970). Since the basis of the dismissal motion is to recommence the action in state court so that all class members may be represented, there is no reason to believe that the class members will be prejudiced by dismissal without a hearing. Accordingly, notice to the class members will not be required.

Therefore, IT IS ORDERED that the plaintiffs' motion for leave to dismiss the action without prejudice be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.

IT IS FURTHER ORDERED that as a condition of said dismissal, the plaintiffs pay $500 as attorneys fees to each of the defendants (as described in the foregoing decision). Such fees shall be paid to the clerk of this court within two weeks from the date of this order and paid out by the clerk to the defendants' attorneys.