In re Garfield SMITH, Debtor.

Garfield SMITH, on behalf of himself and all other similarly situated, Plaintiff,

v.

VW CREDIT, INC. and Autobarn, Ltd., d/b/a Autobarn Motors, Inc., Defendants.

Bankruptcy No. 98 B 00323. Adversary No. 98 A 00827.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Dec. 3, 1998.

Daniel Edelman, Cathleen Combs, James Latturner and Sheila O'Laughlin, Edelman & Combs, Chicago, IL, for Plaintiff.

R. Scott Alsterda, Jim Daniels, Ungaretti & Harris, Chicago, IL, James Daniels, Kansas City, MO; Jay L. Statland, Chicago, IL, for Defendants.

## MEMORANDUM OPINION

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding is at least partially related to the bankruptcy proceeding

filed by Garfield Smith ("Plaintiff" or "Debtor") under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on January 6, 1998. The Adversary was filed by Debtor on April 22, 1998, as an objection and counterclaim to the proof of claim filed by VW Credit, Inc., on February 17, 1998.[1] The four-count Complaint is pleaded as a class action filed to redress alleged violations against Plaintiff and others of the Truth in Lending Act ("TILA") and the Illinois Consumer Fraud Act.[2] It alleges that Defendant Autobarn made a misrepresentation to Plaintiff and others as to the "Itemization of Amount Financed" column in its contract concerning amounts disbursed to entities that issue extended warranties in connection with motor vehicle installment purchases. The sales contracts were assigned to VW Credit. Plaintiff alleges that VW Credit knew or should have know that the amounts represented on the installment contracts as having been disbursed to the issuers of extended warranties were not in fact disbursed to those issuers. On August 3, 1998, Defendant VW Credit filed its Answer to Plaintiff's Complaint. Defendant Autobarn has never filed an Answer.

After this Adversary was filed, a panel of the Seventh Circuit Court of Appeals published a controlling decision which ended any possible cause of action under Count I herein. As the remaining three counts deal solely with violations of state regulations, Plaintiff moved voluntarily to dismiss the Adversary proceeding without prejudice and without notice to the alleged class.[3] While Defendants certainly agree that the Adversary should be dismissed,[4] both of them object to Plaintiff's voluntary dismissal of the Complaint. They argue, pursuant to Fed. R.Civ.P. 41(b) (applicable herein pursuant to Fed.R.Civ.P. 7041), that voluntary dismissal of the Complaint without prejudice may be conditioned, and should be conditioned in this case, upon an award of attorneys' fees. For reasons stated below, Plaintiffs' Motion to Voluntarily Dismiss will be granted unconditionally, and defense objections are overruled.

### Allegations of the Complaint

During August of 1996, Debtor purchased a used 1991 Mazda from Autobarn, a car dealership located in Evanston, Illinois. VW Credit, a corporation with offices located in Deerfield, Illinois, was the assignee of the retail installment contract.

In conjunction with the auto purchase, Debtor also purchased an extended warranty or service contract, also known as mechanical breakdown insurance, for which he was charged $995. The "itemization of amount financed" column on the retail installment contract states that $995 was paid to the insurer on Debtor's behalf for mechanical breakdown insurance. Plaintiff alleges that, in actuality, only a small portion of this extended warranty charge was paid to the insurer, and Autobarn retained the balance of the charge. Plaintiff asserts that this practice is misleading and deceptive in that it misrepresents the amount disbursed to the insurer and suggests that cost for the warranty is non-negotiable when it allegedly is negotiable. Plaintiff contends that the result is an overcharge on cost of the warranty. Plaintiff argues that VW Credit is also liable as it was aware that amounts written on the retail installment contract misrepresented cost of the extended warranty. Further, as a result of the increased amount financed, VW Credit is said to have benefited by lending additional funds. The action seeks redress

---

1. Pursuant to Fed.R.Bankr.P. 3007, where an objection to a claim is joined with a demand for relief of a kind specified in Fed.R.Bankr.P. 7001, it becomes an adversary proceeding. Under Rule 7001(1), an adversary proceeding includes a proceeding to recover money or property.

2. Count I, under TILA, was brought solely against VW Credit.

3. Plaintiff has also indicated that he would, if necessary, agree to a dismissal of Count I with prejudice and with notice to the class along with a non-prejudicial dismissal of Counts II through IV. Plaintiff's Combined Reply at 13.

4. On July 14, 1998, Defendant VW Credit filed a motion to dismiss the Adversary for failure to state a claim upon which relief could be granted. That motion has not been fully briefed and has not been taken under advisement. As Plaintiff's motion will be granted, Defendant's motion is moot and will be stricken.

for Plaintiff and all other persons purported to be similarly affected in their transactions.

### The Seventh Circuit Opinion in Taylor

On July 20, 1998, three months after this action was filed, a panel of the Seventh Circuit Court of Appeals issued its opinion in two cases consolidated for opinion purposes in *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir.1998). The opinion held under TILA that Congress precluded assignee liability unless a violation is apparent on the face of the disclosure statement or other document. *Id.* at 691. Plaintiffs' Complaint here, like the pleading in *Taylor*, asserts that, because VW Credit had extensive experience in financing used car transactions, it knew full well that the amount identified as having been paid to the insurer was excessive. However, the Circuit opinion expressly rejected this argument, stating that "[o]nly violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA." *Id.* at 694. That ruling negated any chance of recovery against VW Credit under TILA and therefore precluded any recovery under Count I.

### Plaintiff's Motion to Dismiss

Plaintiff moved to dismiss his Complaint by motion filed August 14, 1998. On August 21, 1998, Plaintiff filed his amended motion, considered here under Fed.R.Civ.P. 41(a)(2) (Fed.R.Bankr.P. 7041) for voluntary dismissal of all counts of his Adversary Complaint without prejudice either as to the individual plaintiff or to the class, and without notice to the class.[5] Plaintiff argues that federal jurisdiction no longer exists over his claims since the Count I claim has been found without merit by the higher court. As a result, he wishes to file his remaining claims set forth in Counts II, III, and IV in state court.

Although Defendants filed their own motions to dismiss the Adversary for failure to state a claim, they object to Plaintiff's motion for voluntary dismissal. Autobarn requests that the entire Adversary and all its counts be dismissed with prejudice. VW Credit argues that under Fed.R.Civ.P. 41(a)(2), (applicable because one Defendant has filed an Answer), and because Defendants have already filed motions to dismiss, the action should not be dismissed save upon court order imposing conditions to dismissal. It contends that the Court should not permit a voluntary dismissal without prejudice where "plain legal prejudice" would result to the defendant. VW Credit's Memorandum at 4. Further, VW Credit argues that costs and attorneys' fees should be assessed against Plaintiffs if the case is dismissed without prejudice.

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. To the extent this action was brought as a counterclaim by Plaintiff individually against the VW Credit Inc. claim, it constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(C) ("Core proceedings include ... counterclaims by the estate against persons filing claims against the estate").[6]

### DISCUSSION

The two rules governing dismissal of this action are: Fed.R.Civ.P. 41(a) (applicable pursuant to Fed.R.Bankr.P. 7041) and Fed.R.Civ.P. 23(e) (applicable pursuant to Fed.R.Bankr.P. 7023).

---

**5.** Plaintiff's original Motion to Voluntarily Dismiss was not filed under a specified rule of bankruptcy or civil procedure. His amended motion to dismiss was brought under Fed.R.Civ.P. 23(e). However, any motion to dismiss must also be considered under Fed.R.Civ.P. 41. Since one Defendant filed an Answer, consideration of Plaintiff's motion lies under Rule 41(a)(2), made applicable by Fed.R.Bankr.P. 7041.

**6.** The parties have made lengthy arguments as to whether this Court has subject matter jurisdiction over this action. As stated, this is a counterclaim against an entity which filed a claim; under 28 U.S.C. § 157 this is a core proceeding to the extent Debtor asserts a personal counterclaim. As this matter will be dismissed, all other issues as to jurisdiction are moot, and there is no need to address the more problematic contentions of jurisdiction over class aspects of the suit and jurisdiction over state law claims.

Rule 41(a) governs voluntary dismissal of actions and provides:

(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal *at any time before service by the adverse party of an answer* or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance *save upon order of the court and upon such terms and conditions as the court deems proper.* If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. *Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.*

Fed.R.Civ.P. Rule 41(a). (Emphasis added).

Fed.R.Civ.P. 23(e) (made applicable by Fed.R.Bankr.P. 7023) provides that a "class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Although Rule 41(a)(1) is expressly subject to Rule 23(e), Rule 41(a)(2) is not, and dismissal here is and must be considered under Rule 41(a)(2).

Thus, the first issue is whether Plaintiff may voluntarily dismiss his action and whether conditions should be placed upon such a dismissal. The second issue is whether notice of the dismissal is required to be given to the purported class.

### Voluntary Dismissal Should be Allowed

■ The purpose of Rule 41(a)(2) is to permit plaintiffs to seek voluntary dismissal of their actions without conditions where prejudice will not result to the other party. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2362. Unconditioned dismissal is generally allowed unless "plain legal prejudice" will result, and plain legal prejudice is more than the mere prospect of a second lawsuit. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir.1971) (citations omitted). Dismissal under Rule 41(a)(2) is entirely within the court's discretion, *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993), and will only be reversed upon a finding of abuse. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.), *cert. denied*, 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986).

■ The most important consideration in a Rule 41(a)(2) motion "is whether the opposing party will suffer prejudice in light of the valid interests of the parties." *Clark*, 13 F.3d at 1411. Factors useful in considering whether plain legal prejudice will result from dismissal include: "the [opposing party's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, [and] insufficient explanation for the need to take a dismissal." *Id.* (citing *Huskey v. National Liquid Blasting Corp.*, 1987 WL 276128, at *1 (D.Kan. Aug. 7, 1987)). In addition, Rule 41(a)(2) "contemplates a consideration of the prejudice that defendant will incur due to duplication of effort. The further along a case has proceeded, the more the prejudice to the defendant in granting the plaintiff's motion to dismiss." *Germain v. Semco Service Machine Co., Inc.*, 79 F.R.D. 85, 86–87 (E.D.N.Y.1978) (finding where parties only reached preliminary stages of discovery there would be little duplication of effort; that case was dismissed upon award of $500 in attorneys' fees due to work not relevant to new trial in different court). "[I]t is clear that the mere fact that added legal expenses will be incurred if the suit is reinstated is not a sufficient ground

for denial of a motion to dismiss without prejudice." *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 82 F.R.D. 466, 468 (E.D.Wis. 1979), *aff'd*, 627 F.2d 54 (7th Cir.1980) (citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir.1971); *Vienneau v. Shanks*, 78 F.R.D. 70 (W.D.Wis.1978)). Moreover, presence of all factors listed in the foregoing precedent is by no means necessary. Rather, the factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir.1988) (citing *Tyco Laboratories*, 627 F.2d at 56).

■ Defendants here have not shown that they put a substantial amount of time or resources into defending this case. While they assert that they filed extensive pleadings, the bankruptcy court docket reflects only five pleadings filed prior to Plaintiff's voluntary motion to dismiss. On May 20, 1998, VW Credit filed a motion for extension of time in which to file an answer. On July 14, it filed a motion to dismiss, followed the next day with a supporting memorandum. On July 21, 1998, the day following the *Taylor* decision, VW Credit moved for leave to submit additional authority. On August 3, ten days after the Court asked Plaintiff's counsel to determine a course of action in light of *Taylor*, VW Credit filed its Answer to the Complaint, thereby triggering application of Rule 41(a)(2) when Plaintiff moved to dismiss eleven days later. Autobarn filed no pleadings prior to Plaintiff's motion to dismiss and its two subsequent pleadings total four pages.

This hardly shows "plain legal prejudice." This Adversary was filed on April 22, 1998, and the Plaintiff's motion to dismiss the Adversary case was filed within four months, and that was only a month after the ruling in *Taylor*. The record does not show that Defendants have yet engaged in discovery. While VW has obviously put time and effort into challenging Plaintiff's present motion to dismiss, its efforts prior to Plaintiff's motion to dismiss are most relevant to the issues now presented. Moreover, had Plaintiff filed his motion to dismiss just two weeks earlier, he would have had a right to dismiss under Fed.R.Civ.P. 41(a)(1) (Fed.R.Bankr.P. 7041).

Should this case be dismissed without prejudice and Plaintiff were to refile the action in a more appropriate forum, there will be little duplication of the efforts here by Defendants. Although about seven pages of VW Credit's memorandum in support of its motion to dismiss and a few paragraphs of its Answer to the Complaint deal with Plaintiff's claim under TILA, most research shown in papers filed herein went to issues that will likely be revisited when VW Credit challenges Plaintiffs' action under state law in state court. *See Germain*, 79 F.R.D. at 87 (stating there is no legal prejudice from voluntary dismissal where case was only in preliminary stages of discovery and little duplication of effort would be required if the motion were granted).

■ Defendants' contention that Plaintiff should be estopped from obtaining his voluntary dismissal because Defendants were "put to significant expense" in preparing and filing their pleadings is without merit and is not supported by the record presented. The very purpose of Rule 41(a)(2) is to allow the presiding judge to exercise discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by defendant, or to attach conditions. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir.1982) (citations omitted). Such discretion requires evaluation of the defense efforts required before Plaintiff seeks dismissal, and here those efforts have not been shown to be extensive or extremely expensive.

Further, although Defendants argue that Plaintiff engaged in excessive delay and lacked diligence, the record does not support such a finding. Plaintiff filed his motion to dismiss one month after the Circuit handed down its decision in *Taylor* and four months after filing this action. While it is true that Plaintiff never responded to the motion to dismiss, on July 23, 1998, the Court only entered a minute order setting the case for status on September 4, 1998. No briefing schedule was set on the defensive motion. It was put on hold while Plaintiff's counsel considered an appropriate course of action in light of *Taylor*.

While VW Credit argues that dismissal would deny it an "imminent" decision on its pending motion to dismiss under Fed. R.Civ.P. 12(b)(6), no such decision is imminent. That issue has not been fully briefed, no briefing schedule has been set, and the matter has not been taken under advisement. To quote from the *Outboard Marine* opinion where a similar argument was raised:

> This argument, however, is at best highly speculative and conjectural. The appellants [as do Defendants] rely on *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir.1969), where we held that the district court abused its discretion in dismissing the plaintiffs' action without prejudice where it was apparent that the defendant was entitled to summary judgment since the plaintiff had failed to file a response to the defendant's summary judgment motion ... [F]rom our review of the record, including the district court's comments, we certainly are far from convinced that the appellants would have obtained a favorable ruling from the district court.

*Outboard Marine*, 789 F.2d at 504–05. Here, as in *Outboard Marine*, no imminent ruling can be expected and no ruling favorable to defendants is guaranteed except as to Count I which the Plaintiff now concedes.

Finally, Defendants argue that Plaintiff has given an insufficient explanation for his need for dismissal and for dismissal without prejudice. This is simply not so. First, Plaintiff's counsel have stated that after *Taylor* they believe bankruptcy jurisdiction over the asserted class is tenuous. As a result, they initially attempted to withdraw the bankruptcy court reference and have the matter heard in the district court. Upon loss of any federal jurisdiction under Count I after *Taylor*, Plaintiff asked for dismissal so he might refile in state court. This is certainly a sufficient reason for requesting voluntary dismissal, particularly since this Court's jurisdiction over the other counts is doubtful.

Defendants have failed to demonstrate "plain legal prejudice," or indeed any weighty factual or legal prejudice, from dismissal of this Adversary. Thus, Plaintiff's motion to dismiss will be allowed.

### Imposition of Conditions for Dismissal is not Appropriate.

 Pursuant to Rule 41(a)(2), a dismissal without prejudice may be subject to certain conditions that the court deem just— usually attorneys' fees or costs. On the record presented, however, it is not appropriate to award any such fees or costs to Defendants for work performed by their lawyers up to this stage of the litigation. While Rule 41(a)(2) certainly allows imposition of conditions on dismissal, that in no way mandates conditions. *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981) (stating "[w]e do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant. The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge, as does the decision of whether to impose attorney's fees") (citations omitted).

Defendants here most likely did incur some expenses in defending this action, some of which will not aid them in the state court action. However, they did not specifically assert what fees and expenses were incurred or show which of those will not be useful in defending future litigation, or demonstrate that these expense were substantial. Rather, Defendants seem to suggest that fees should be imposed against Plaintiff's counsel because of the "contingency fee" agreements typically used by Plaintiff's counsel in class actions. However, such arrangements with counsel are not relevant to the issues under Rule 41(a)(2) that were discussed above.

Plaintiff moved for dismissal early in the case, and Defendants have not shown that they will suffer plain legal prejudice from dismissal. Moreover, Count I is simply not viable in any forum in this Circuit. Regardless of whether the dismissal is formally made with or without prejudice, Plaintiff will be unable to refile that Count under the same federal law theory. In that circumstance, dismissal of Count I with prejudice would only give rise to future disputes about whether that dismissal prevented assertions of state law claims based on the same allega-

tions. Accordingly, dismissal of the entire case will be without prejudice, and no fee conditions will be imposed on dismissal.

### Notice to the Petitioner Class is not required.

 "Rule 23(e) was designed to prevent representative plaintiffs from settling or dismissing cases to the detriment of the absent members of the class." *Glidden v. Chromalloy American Corporation,* 808 F.2d 621, 626–27 (7th Cir.1986). While several courts have suggested that a putative class action may not be dismissed without notice, the *Glidden* opinion has stated that this is not necessarily so. *Id.* at 627. "When notice would be a fruitless, yet costly gesture, Rule 23(e) ... does not compel the parties to incur pointless expense." *Id.*

The purpose of giving notice is to prevent class plaintiffs from benefiting at the expense of the class. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1797 at 345. Where an action is brought in good faith, voluntarily dismissed in good faith, and the plaintiff or plaintiff's counsel will not benefit from the dismissal, notice under Rule 23(e) is not necessary. *Sheinberg v. Fluor Corp.,* 91 F.R.D. 74, 75 (S.D.N.Y.1981). Further, notice to the putative class is not required where dismissal of the action is for the purpose of recommencing suit in state court so that all class members may be properly represented, and "there is no reason to believe that the class members will be prejudiced by dismissal without a hearing." *Tyco Laboratories,* 82 F.R.D. at 469.

Here, Plaintiff is not dismissing his action pursuant to some settlement. It is being dismissed so that he may refile the remaining possible counts in a more appropriate forum. Upon learning that there is no federal cause of action and that bankruptcy jurisdiction was tenuous at best, Debtor sought to dismiss his remaining claims, which may be state law causes of action, in order to refile those claims in state court. Since the class action is planned to continue, albeit in a different forum and based on refocused legal theories, there will be no detriment to the class from dismissal without notice. There-

fore, incurring of expenses for the unnecessary notice would be pointless.

### CONCLUSION

For reasons set forth above, Plaintiffs' motion to dismiss the Adversary proceeding voluntarily will by separate order be allowed, and the action dismissed. Dismissal will be without prejudice and without notice to the putative class. No attorneys' fees or costs will be awarded as a condition of such dismissal. Defendants' motion to dismiss for failure to state a cause of action will be stricken as moot.