## KOHLOFF et al. v. FORD MOTOR CO.

District Court, S. D. New York.
July 22, 1939.

Murray M. Cowen, of New York City, for plaintiffs.

Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

In March 1933 the plaintiff, Paul Kohloff, a citizen of New York, and George Gross, a citizen of Pennsylvania, instituted an action in this Court against the defendant, Ford Motor Company, a Delaware corporation, claiming an infringement of two letters patent relating to spark plugs and coil connectors, and electrical connectors. Paul Kohloff claims to have been the inventor, and George Gross has a one-half interest in the Kohloff inventions.

Six years later, on March 3, 1939, plaintiffs filed an amended complaint in which they pleaded two causes of action. The first was based upon the alleged infringement of the said two patents. The second was based upon the claim that the plaintiff, Paul Kohloff, had conceived an idea for the manufacture of a new and useful improvement and device for use on automobiles, to connect the spark plugs of an automobile with the coil box or distributor of the same automobile; that he had communicated the idea to the defendant; that the defendant had adopted the substance of the idea and put the same to commercial

use but had not paid the plaintiffs any thing for the use thereof; and that the reasonable value of the aforesaid idea to the defendant was six million dollars, for which judgment was demanded.

On May 23, 1939, an answer to the amended complaint was served and was filed the following day. In the answer a counterclaim for a declaratory judgment (28 U.S.C.A. § 400), in respect to the said two patents was pleaded. On May 24, 1939, at 10:40 A. M. plaintiffs served upon the defendant, allegedly based on Rule 41 (a) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a notice that plaintiffs voluntarily withdrew and discontinued the first cause of action set forth in the amended complaint. The notice of discontinuance is dated May 23, 1939, and states that it was being served prior to the service of an answer by the defendant. The defendant moved to strike out the notice of discontinuance as to the first cause of action of the amended complaint, which relates to the alleged infringement of patents. I denied that motion and permitted the plaintiffs to discontinue as to said first cause of action, because it was shown to my satisfaction that prior to May 23, 1939, the plaintiffs' attorney had notified the defendant's attorneys that he intended to withdraw his first cause of action relating to the alleged infringement of the patents. It appeared to me that the defendant had attempted to anticipate the plaintiffs' notice of withdrawal and had served an answer with a counterclaim so as to frustrate any said notice of voluntary discontinuance or withdrawal of the first cause of action. For all practical purposes plaintiffs had notified the defendant of their intention to withdraw voluntarily and dismiss the first cause of action of the amended complaint prior to the service of defendant's answer, so that plaintiffs were entitled to dismiss said cause of action under Rule 41(a) (1). In the order entered June 9, 1939, pursuant to my aforementioned determination, it was provided that the defendant should serve an amended answer which should answer only the plaintiff's second cause of action, but without prejudice to the right of the defendant to replead the counterclaim for a declaratory judgment in respect to plaintiffs' two patents.

Subsequently defendant served an amended and supplemental answer and counterclaim, filed June 12, 1939, in which defendant sought a declaratory judgment determining that plaintiffs' two patents aforementioned were invalid and void and that the defendant did not infringe the same.

Paragraph "30" of the said counterclaim reads as follows:

"30. That said automobiles manufactured, used and sold by defendant have been for a long time and now are sold by numerous dealers located throughout the United States of America; that plaintiffs have harassed defendant with charges of alleged infringement under said patents Nos. 1,566,143 and 1,790,101; that defendant has not infringed upon said patents, but plaintiffs have harassed and continue to harass it; that defendant has been deprived of its right to quiet conduct of its business by plaintiffs' said acts of harassment, and it can only obtain said rights under this, its counterclaim, for, in the event that this Court in this action finds that the defendant is not infringing upon plaintiffs' said patents and makes no finding as to the validity of plaintiffs' said patents, plaintiffs will nevertheless, defendant believes, continue to harass defendant by instituting actions or proceedings founded upon said patents and thereby prevent defendant from conducting its business in peace and quiet to which it is in law entitled, and subject defendant to unwarranted expense."

The prayer for relief sought by defendant under its said counterclaim includes the following:

"(e) That this Court award a perpetual injunction and a preliminary injunction during the pendency of this action, enjoining and restraining plaintiffs, their agents, associates and confederates, their heirs or assigns, from further asserting, contending, claiming or representing (orally, in writing or otherwise) that said patents Nos. 1,566,-143 and 1,790,101 or any claim thereof have been or are now infringed by defendant, from selling, assigning or transferring title to or from granting any right under said patents, during the pendency of this suit, and from threatening to sue for alleged infringement any one engaged in the sale or use of defendant's automobiles or parts therefor and the manufacture, use and/or sale of defendant, or from in any manner unfairly or improperly interfering with defendant's manufacture, use and sale, directly or indirectly, of said automobiles."

Plaintiffs have made this present motion "for an order striking from the de-

fendant's amended and supplemental answer, the counterclaim contained therein upon the ground that the same was improperly interposed in this action". That presents the issue.

I am of the opinion that the counterclaim was properly interposed in this action. Rule 13, Federal Rules Civil Procedure, defines counterclaims and cross claims and subdivision (b) of said rule reads as follows: "(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

Under subdivision (a) of the said rule a defendant is obliged to plead any counterclaim that it may have against any opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Defendant contends that if it did not plead this counterclaim for a declaratory judgment it might at some future date, if it were to bring a separate action for a declaratory judgment, be confronted with a claim by the plaintiffs that the defendant should have pleaded in this action a counterclaim for a declaratory judgment. Defendant points out that in plaintiffs' bill of particulars in respect to the second cause of action, plaintiffs admit that the ideas which the plaintiffs are supposed to have submitted to defendant in respect to the spark plugs and coil connector, and the electrical connector, are the ideas set forth in the applications for the aforementioned two patents of the plaintiff, Kohloff. Whether or not the counterclaim is of the compulsory type under subdivision (a) of Rule 13 need not be decided because the counterclaim appears to me to be of the permissive type, under subdivision (b) of said rule.

The counterclaim sets forth a cause of action for a declaratory judgment. It pleads facts showing that an "actual controversy" exists between the parties to this action. It pleads the fact that not only have the plaintiffs notified the defendant of the alleged infringement by the defendant of the plaintiffs' aforementioned patents, but that plaintiffs actually sued the defendant under the aforementioned first cause of action, claiming an alleged infringement by defendant of the said two patents. The need for the relief sought by defendant in its counterclaim is also apparent. The voluntary discontinuance by plaintiffs of their first cause of action for the alleged patent infringement would not prevent plaintiffs from bringing a similar action at some future date. The defendant sells its cars to many dealers throughout the United States. It may be that the plaintiffs will serve those dealers and other large purchasers with notices of an alleged infringement of their patents by the defendant manufacturer. A controversy exists between the plaintiffs and the defendant, in respect to the alleged patent infringements, as the term "controversy" is defined and explained by Chief Justice Hughes in Aetna Life Insurance Company v. Haworth, 300 U.S. 227, at pages 240, 241, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000. The defendant may properly seek by its counterclaim in this action a judicial determination of that controversy. The recent case of Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88 is not altogether in point. It dealt with the right of a defendant to plead a counterclaim for a similar declaratory judgment, where the complaint pleaded the infringement of the patents. In the present case the first cause of action pleading the infringement of plaintiffs' patents was voluntarily dismissed by plaintiffs.

Plaintiffs' motion to strike out defendant's counterclaim seeking a declaratory judgment is denied. Submit order on one day's notice.