## LITTLEFIELD-GREENE, Inc., v. UNITED STATES.

No. 49763.

United States Court of Claims.

Jan. 13, 1953.

Jackson J. Holtz, Boston, Mass., Holtz & Rose, Boston, Mass., on the brief, for plaintiff.

William A. Stern, II, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues the defendant for the sum of $39,414.95 for tools and tool kits allegedly purchased from it by the Veterans Administration during the years 1946 to 1949, both inclusive. Its petition was filed on July 31, 1950.

On September 26, 1952, over two years later, defendant filed a motion for permission to file a counterclaim out of time. On the argument of this motion before the court, it was stated that at least some of the defendant's demands which it desired to set up in its counterclaim might be barred by the statute of limitations while the motion was under advisement by the court. An order was thereupon entered by the court permitting defendant to file its counterclaim and granting plaintiff the right to file a motion to strike it, with the understanding that plaintiff's and defendant's memoranda on defendant's motion for leave to file the counterclaim should be considered as having been filed on the motion to strike. The counterclaim has now been filed and also the motion to strike it.

The counterclaim alleges that plaintiff entered into a conspiracy with certain employees of the Veterans Administration in Boston to submit false vouchers for tools and tool kits alleged to have been furnished defendant and false statements in support thereof, and to otherwise circumvent the rules and regulations of the Veterans Administration. It alleged that in 1,619 of the vouchers submitted it was claimed that more tools had been furnished than had actually been furnished; and it was also alleged that in 2,589 of the vouchers higher prices had been charged than the prices quoted defendant; and it was further alleged that it executed 2,095 other vouchers which were false in other respects. It was finally alleged that in 3,492 vouchers false statements were made in order to obtain payment thereof.

Defendant claimed $2,000 for each false claim presented, which it said amounted to the total sum of $6,984,000.00. It also claimed double damages in the sum of $24,484.20, twice the amount of the vouchers submitted.

The defendant did not comply with the rules of the court relative to the filing of a counterclaim. Rule 21 of the rules, 28 U. S.C.A., in effect at the time the petition was filed provided that a counterclaim should be filed within forty days after the petition was filed, unless the court extended the time. It was not filed in forty days after the petition was filed and no extension of time was requested or granted. Rule 17(a) of the rules adopted on May 15, 1951 provides that the defendant shall file its counterclaim at the same time that it files its answer, if the counterclaim is based on the same transactions as the ones alleged in the petition. Rule 16 provides that the answer shall be filed in sixty days after service of the petition. These rules were not complied with.

Rule 17(e), however, provides:

"Omitted Counterclaim. When defendant fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, it may by leave of Court set up the counterclaim by amendment."

The only excuse offered by defendant for its failure to file the counterclaim in time is that the papers relative to the counterclaim were in the hands of the District Attorney in Boston and not available to the attorney in the Department of Justice representing the defendant in the present case in this court.

This is not a sufficient excuse. The papers could have been borrowed from the District Attorney in Boston, or they could have been inspected in his office, in order that the counterclaim might have been filed in time. More than two years have elapsed since the filing of the petition; no effort was made to inspect these papers; nor is it alleged that any other effort was made to secure the information necessary for the filing of the counterclaim. It may be that the defendant was unable to secure the

exact number of the allegedly false vouchers which had been filed and the exact amount of the misstatements therein, and perhaps other information, but it could have at least filed a counterclaim setting up such facts as were in its possession, or which it might have secured with reasonable diligence, and then later, after the full facts had been ascertained, it could have asked leave to amend it. But none of these things were done.

If the defendant is entitled at this time to file the counterclaim at all, it is entitled to do so under that clause of rule 17(e), which provides that it may be filed out of time "when justice requires". We do not think the ends of justice demand that we require plaintiff to defend against the allegations of the counterclaim now presented to the court.

■ In its memorandum opposing defendant's motion for permission to file its counterclaim, plaintiff makes certain statements relative to indictments and trials in the United States District Court for the District of Massachusetts, which it says were based upon the transactions set up in the counterclaim. Defendant in its reply either expressly or impliedly admits the truths of these statements. Since plaintiff's allegations are not denied, but are either expressly or impliedly admitted, we may take judicial notice of the proceedings in the District Court of Massachusetts. Wigmore on Evidence, sec. 2579; Wells v. United States, 318 U.S. 257, 260, 63 S. Ct. 582, 87 L.Ed. 746. We take judicial notice that plaintiff's allegations are true.

In its memorandum plaintiff says that an indictment was returned against Ralph P. Greene, one of the officers of plaintiff, on June 21, 1948 by the United States District Court of Massachusetts, alleging a violation of Title 18 U.S.C. sec. 91 [now sec. 201], (Criminal No. 18047) and it is said that this indictment, as well as all of the other indictments later mentioned in the memorandum, were based on the same facts as are alleged in the counterclaim which defendant has now filed. On October 21, 1948 a motion to dismiss this indictment was sustained by Wyzanski, Judge.

On October 13, 1948, Ralph P. Greene was again indicted, for alleged violation of Title 18 U.S.C. sec. 201, (Criminal No. 18112) again involving the same transactions. On May 23, 1949 this indictment was dismissed by Sweeney, Chief Judge of the Court.

On June 19, 1949, the United States proceeded to trial against Warren P. Brown, an employee of the Veterans Administration, (Criminal No. 18142) for allegedly receiving a bribe from Ralph P. Greene in connection with these transactions, in violation of Title 18 U.S.C. sec. 207. The Court directed the jury to return a verdict of not guilty.

On September 27, 1949 an indictment was returned by the Grand Jury against Warren P. Brown and Ralph P. Greene, which was based upon the same facts (Criminal No. 18344). This indictment was dismissed on motion on March 6, 1952 by Ford, Judge.

On December 13, 1949 an indictment (Criminal No. 18403) was returned against Warren P. Brown, Ralph P. Greene, and Littlefield-Greene, Inc., for violation of Title 18 U.S.C. sec. 88 [now sec. 371], based upon the same transactions. On February 26, 1952 a trial was begun on this indictment and, after the presentation of the Government's evidence, Ford, Judge, on March 6, 1952 instructed the jury to return a verdict of not guilty.

■ From this it appears that the defendant has already charged plaintiff with the commission of the acts which it now alleges in its counterclaim, and that on two occasions the judges presiding at the trial have instructed the jury to return a verdict of not guilty, and on other occasions the indictments have been dismissed on motion.

Plaintiff, therefore, has been fully exonerated of the charges now made.

Defendant says that there is a great difference between proving a person guilty beyond a reasonable doubt and establishing by the preponderance of the evidence that the facts alleged are true; but this has no application to this case, since the evidence presented by the Government in the criminal trials was not even sufficient to war-

rant the judges in submitting the cases to the jury.

We think it would be unjust to plaintiff to require it to again defend itself against the allegations now set out in the Government's counterclaim. The Government has had its day in court and it was unable to offer enough evidence in proof of these allegations to warrant the judges in submitting the cases to the jury. Justice does not require that it be given another chance to do so. Justice does not require an accused to be harassed.

■ This case was filed before the amendment of our rules requiring the filing of an answer. The Government's defense has been set up by way of a general traverse. Under this sort of pleading defendant is at liberty to defend against plaintiff's claim in any way it may choose to do so, including proof of fraud, but we are of the opinion that it is not entitled to seek affirmative relief against plaintiff on the facts set up in the counterclaim.

We have considered the other grounds of plaintiff's motion to strike the counterclaim, but we find it unnecessary to discuss them, in view of what we have said above.

Plaintiff's motion is granted, and defendant's counterclaim will be stricken.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.