S. C. JOHNSON & SON, INC.
v.
Carsten F. BOE.
Civ. A. No. 25754.

United States District Court
E. D. Pennsylvania.
Oct. 4, 1960.

---

518

Woodcock, Phelan & Washburn, Philadelphia, Pa., for plaintiff.

George J. Harding, III, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The dispute involves the alleged infringement of a patent, owned by J. George Spitzer and Marvin Small, by plaintiff's product "Pledge." Carsten F.

Boe and Carter Products, Inc. are licensees under the patent. Boe is the exclusive licensee in all fields of use other than drugs, cosmetics, household cleaners, and furniture sprays. Carter Products, Inc. is the exclusive licensee in the remaining fields.

S. C. Johnson & Son, Inc. simultaneously filed a suit in the Federal Court for the Southern District of New York against Carter Products, Inc., Spitzer, and Small, and a suit in this Court against Carsten F. Boe, both seeking a declaratory judgment that the patent is invalid and is not infringed by "Pledge."

On July 13, 1960, Carter Products, Inc., Spitzer, and Small moved to intervene as defendants in the suit in this Court and moved for leave to file a counterclaim. In support of the motion to intervene, the applicants contend that they are indispensable parties to this suit (or in the alternative, that Spitzer and Small are indispensable parties and that Carter Products, Inc. is a necessary party) and may, therefore, intervene as a matter of right. In addition, applicants claim that they will be bound by any judgment rendered in the suit against Boe and that Boe's representation of their interests is or may be inadequate.

On August 30, 1960, plaintiff filed a motion for voluntary dismissal. This motion was argued at the same time as the above motions. The defendant Boe and the three applicants for intervention oppose the plaintiff's motion for voluntary dismissal. They contend that as soon as the motion to intervene with the motion for leave to file a counterclaim was served upon the plaintiff, the plaintiff thereupon lost its right to have the suit dismissed under Rule 41(a) (2), Fed.Rules Civ.Proc. 28 U.S.C. That Rule provides:

"* * * If a counterclaim has been *pleaded by a defendant* prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection * * *" (Emphasis supplied)

The defendant Boe and the three applicants for intervention state that the trial on the issues would take place here sooner than in New York if we granted the motion to intervene and to file a counterclaim, and refused to dismiss this suit. Proceeding with the New York suit, it is urged, would result in a delay of approximately three years. On the other hand, S. C. Johnson & Son, Inc. is the plaintiff in both suits and generally speaking the plaintiff has the right to choose the forum in which it desires to prosecute its rights.

We shall first consider the merits of the motion to intervene as of right. Rule 24(a) of the Federal Rules of Civil Procedure provides as follows:

"Intervention

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *"

The applicants contend that, although their attorney is the same attorney as now represents Carsten F. Boe, nevertheless their interests may be inadequately represented simply because they would not be personally before the Court as parties-defendant. With this contention we cannot agree. An applicant's interest has been held to be inadequately represented by the existing parties to the action when proof of collusion between the representative and opposing party was shown, or when the representative had an interest adverse to that of the applicant, or when the representative failed because of nonfeasance in his duty of representation.[1] We have found no case, nor have applicants cited one to us, in which it has been held that in order to be adequately represented with-

---

1. Moore's Federal Practice, Vol. 4, pp. 38 and 39.

in the meaning of the Rule a person must be a party of record.[2] Of more vital significance, however, is the fact that applicants' interests will be fully protected by virtue of the fact that they are defendants in the New York suit involving precisely the same issues.

The applicants also contend in their brief that as indispensable parties they have the absolute right to intervene in this suit. We have no doubt that the owners of a patent (and probably an exclusive licensee such as Carter Products, Inc.) are indispensable parties to any suit involving the validity of the patent. However, this means only that such a suit could not progress to an adjudication without the presence of such parties before the Court. It does *not* mean that solely because of their indispensability, such parties have the right to intervene in a suit. Nor is there anything in Rule 24(a) which suggests that indispensable parties have an absolute right to intervene in a suit. Therefore, the applicants may not intervene as a matter of right.

We next consider the plaintiff's motion to dismiss. As we noted before, the defendant Boe and the applicants claim that a counterclaim has been "pleaded" by the defendant Boe prior to the service upon him of the plaintiff's motion to dismiss, in this case by the service on the plaintiff of the motion to intervene coupled with the motion to file a counterclaim. The applicants point out that the counterclaim bears defendant Boe's name in the heading. Therefore, they argue, defendant Boe has "pleaded" a counterclaim. As a result, the Court may not dismiss the suit at the plaintiff's instance according to Rule 41(a) (2). We think that defendant Boe has not "pleaded" a counter-

claim within the meaning of Rule 41(a) (2). A motion is not a pleading. Furthermore, the whole purpose of the Rule is to preserve to a defendant who has pleaded a counterclaim the jurisdiction of the Court over the parties and over the defendant's claim. The counterclaim here involved can be fully adjudicated in the New York suit. The defendant Boe could intervene in that suit, although we perceive no interest of Boe's in this litigation.

Having decided that the applicants may not intervene in this suit as a matter of right we are presented with another compelling reason for granting the plaintiff's motion to dismiss. By the applicants' own admission, they are indispensable parties to this suit. There could be no equitable adjudication of this action without their presence before the Court. Dismissing the suit now will accomplish what must obviously be done somewhere along the line of the proceedings.

In summary, we think that Spitzer, Small, and Carter Products, Inc. have attempted to force the plaintiff to proceed with its own suit in Philadelphia against the plaintiff's wishes. No harm will be done to anyone by dismissing this suit and allowing the matter to be litigated in the New York District Court. As was observed by Judge Kaufman, in the case of Helene Curtis Industries v. Sales Affiliates,[3] "But the condition of a court calendar is not and cannot be the sole criterion for deciding an appropriate forum in a complex context such as this * * *. If an early trial were the crucial test, then in virtually every instance the Southern District of New York would be ousted of its jurisdiction * * *."

---

2. See Farmland Irrigation Co., Inc. v. Dopplmaier, 9 Cir., 1955, 220 F.2d 247, in which the Court stated:
"In the case at bar, the appellant makes no charge of fraud or collusion nor does it charge Stout with an adverse interest. Comparing the answer of Stout with the answer that appellant filed with its motion to intervene, it is clear that the same defense will be presented whether or not the appellant is a formal party to the record. Indeed, not only would the defense of appellant be the same as Stout's, but also the attorneys who would present the defense." At page 249.

3. D.C.S.D.N.Y.1952, 105 F.Supp. 886, at page 905.

For the foregoing reasons we enter the following Order.

### Order

And now, to wit, this 4th day of October, 1960, It Is Ordered that the motion of Carter Products, Inc., J. George Spitzer, and Marvin Small to intervene as defendants in the above-captioned matter is hereby Denied. The motion of Carter Products, Inc., J. George Spitzer, Marvin Small, and Carsten F. Boe to file a counterclaim is hereby Denied. The motion of the plaintiff S. C. Johnson & Son, Inc. to dismiss this suit is hereby Granted.