UNITED STATES of America

v.

PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION
et al., Appellants.

No. 19072.

United States Court of Appeals,
Third Circuit.

Argued Sept. 21, 1971.

Decided Sept. 30, 1971.

* The Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

Lawrence G. Zurawsky, Pittsburgh, Pa. (Byrd R. Brown, Pittsburgh, Pa., on the brief) for appellants.

Robert E. Kopp, Department of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Richard L. Thornburgh, U. S. Atty., Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C., on the brief) for appellee.

Present VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The United States commenced suit to enjoin the defendants, who were air traffic controllers in the Pittsburgh area, from continuing an unlawful strike. A preliminary injunction issued on April 2, 1970. Thereafter, on May 18, 1970, that preliminary injunction was modified by a provision staying administrative action against those defendants who were subject to the preliminary injunction. The government appealed from this modification of the preliminary injunction.

Thereafter the Pittsburgh air traffic controllers returned to work. Consequently, on June 17, 1970, prior to trial on the merits, and prior to the filing of any counterclaim by the defendants, the government moved to dismiss its suit as moot. After service of that motion on the defendants, those defendants filed a counterclaim and served it on the plaintiffs. Subsequently, on July 7, 1970, the district court granted the government's motion to dismiss. On September 15 of that year this Court granted the government's motion to dismiss its appeal from the order modifying the preliminary injunction. The defendants now appeal from the district court's order dismissing the government's complaint.

Fed.R.Civ.Pro. 41(a) (2) provides:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

Since the government's motion to dismiss was served prior to the service of defendants' counterclaim, the district court acted within the discretion granted to it by Rule 41(a).

The order dismissing the complaint will be affirmed.