**CHINOOK RESEARCH
LABORATORIES,
INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 382–89C.**

United States Claims Court.

May 1, 1991.

Keith L. Baker, Washington, D.C., for plaintiff.

Robert E. Kirschman, Jr., Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, Director David M. Cohen and Asst. Director Jeanne E. Davidson for defendant. John Breiling, Office of Counsel, Portland District, Corps of Engineers, of counsel.

## OPINION

LYDON, Senior Judge:

This matter is before the court on plaintiff's motion to dismiss its complaint, pursuant to RUSCC 41(a), which defendant opposes, and defendant's motion for leave to file an amended answer and counterclaim. Plaintiff's motion to dismiss was filed with the court on February 13, 1991.

Defendant's motion for leave to file a counterclaim was filed with the court on February 14, 1991. Oral argument on both motions was held on April 30, 1991. For the following reasons, the court grants plaintiff's motion to dismiss its complaint, and accordingly, defendant's motion for leave to file a counterclaim is denied.

## I

Under RUSCC 41(a)(1), an action may be dismissed by the plaintiff without a court order if the government has not yet served an answer or response to the complaint on plaintiff, or by filing a joint stipulation of dismissal signed by all parties. Since defendant in this case filed an answer on December 7, 1989, and defendant opposes dismissal, plaintiff must proceed under RUSCC 41(a)(2), which requires plaintiff to obtain a court order to dismiss its complaint. The rule also provides that "[i]f a counterclaim has been pleaded by the United States prior to the service upon it of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Unless otherwise specified in the court's order, a dismissal under RUSCC 41(a)(2) is without prejudice.

In an early case, the Supreme Court held that a plaintiff in the Court of Claims may dismiss its claim without prejudice when the government has filed no counterclaim and will not be prejudiced legally by the dismissal. *Ex parte Skinner & Eddy Corp.*, 265 U.S. 86, 92–94, 44 S.Ct. 446, 447–48, 68 L.Ed. 912 (1924). Since defendant has moved for leave to file a counterclaim in this case, the critical issue here is whether plaintiff's motion to dismiss was served on the government before the government pleaded its counterclaim. It has been held that the phrase "if a counterclaim has been pleaded" means if a pleading containing a counterclaim has been served on plaintiff. *See* 5 *Moore's Federal Practice* ¶ 41.09, at 41–97 (2d ed. 1990); *United States v. Professional Air Traffic Controllers Organization*, 449 F.2d 1299, 1300 (3d Cir.1971) (trial court did not abuse discretion in granting plaintiff's motion to dismiss when it was served on defendant before defendant served counterclaim on plaintiff).

■ Defendant states it received plaintiff's motion to dismiss on February 15, 1991. Defendant admits that plaintiff's motion to dismiss was mailed on February 12, 1991. Under RUSCC 5(b), service by mail is completed upon mailing. Thus, defendant was served with plaintiff's motion to dismiss on February 12, 1991. Defendant supports its right to oppose plaintiff's motion to dismiss by asserting that its motion for leave to file an amended answer and counterclaim was filed on February 13, 1991, two days before it received plaintiff's motion. Defendant's motion was actually filed with the court on February 14, 1991. At oral argument, defendant explained that it served (mailed) its motion to plaintiff on February 13, 1991. In addition, defendant points out that it told plaintiff's counsel on February 12, 1991 of its intention to file a counterclaim. However, defendant's motion to file an amended answer and counterclaim bears a filing date with the court of February 14, 1991. Moreover, under the rules, the critical date is the date plaintiff was served with defendant's motion, not the date it was filed with the court. As indicated above, plaintiff served its motion to dismiss on defendant on February 12, 1991 when it mailed said motion to defendant. Neither party alleges the date plaintiff received defendant's motion. However, plaintiff's motion to dismiss certifies that it was mailed to defendant on February 12, 1991. Defendant received it on February 15, 1991. Defendant's motion for leave to amend its answer certifies that it was mailed to plaintiff on February 13, 1991. Under RUSCC 5(b), service by mail is completed upon mailing. Therefore, plaintiff was served with defendant's counterclaim on February 13, 1991, one day after plaintiff served its motion to dismiss on defendant.

Since no counterclaim was pleaded by defendant in this case before plaintiff served its motion to dismiss on defendant, the court may grant plaintiff's motion to

dismiss its complaint over defendant's objections, pursuant to RUSCC 41(a)(2). However, under *Ex parte Skinner & Eddy*, before doing so the court must consider whether granting plaintiff's motion will prejudice defendant's pursuit of its counterclaim.[1]

## II

■ Leave to file amendments to pleadings is clearly a discretionary function of the court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In exercising its discretion under Rule 41(a)(2), the court "has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court." *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir.1963). Though the basic purpose of Rule 41(a)(2) is to allow plaintiff to dismiss an action without prejudice to future litigation, the dismissal must not unfairly jeopardize defendant's interests. 5 *Moore's Federal Practice, supra*, ¶ 41.05, at 41–53.

It is well established that leave to amend pleadings should be freely given unless the amendment would be futile or unless there is undue prejudice to the opposing party. *Foman v. Davis, supra*, 371 U.S. at 182, 83 S.Ct. at 230; *Joseph Morton Co. v. United States*, 3 Cl.Ct. 780, 784 (1983), *aff'd*, 757 F.2d 1273 (Fed.Cir.1985). Plaintiff asserts

it is "unable to proceed with the case due to a lack of resources."[2] Defendant asserts that plaintiff will not be prejudiced by allowing defendant to amend its answer because plaintiff has not engaged in any discovery to date, nor will any relevant evidence or witnesses be unavailable to plaintiff. However, during the course of this litigation, plaintiff was trying to negotiate a settlement with defendant and was of the view, until the last minute when defendant brought up the counterclaim possibility, that the parties had agreed on a settlement. Moreover, defendant's assertion that plaintiff has not pursued any discovery to date is supportive of plaintiff's position since plaintiff's lack of discovery efforts may well be the result of lack of resources. Further, requiring plaintiff, at this stage, to now undertake a counterclaim defense without resources available to it is certainly prejudicial to plaintiff. Plaintiff asserts that the counterclaim issue would require a new discovery phase based on different issues than those upon which the case had been proceeding for over fourteen months.

In addition, defendant claims it has "expended considerable time and resources upon this case over the one and one-half years since the complaint was filed." Defendant explains that its year and a half delay in seeking to file a counterclaim was due to changes in the identity of counsel on both sides; first, the withdrawal of plaintiff's original counsel in early 1990, and

---

**1.** Even if one were to consider defendant's motion for leave to file a counterclaim as preceding plaintiff's motion to dismiss, defendant probably would not, without more, prevail. It has been held that a motion to intervene plus a motion for leave to file a counterclaim is not a "pleading" within the meaning of Federal Rule of Civil Procedure 41(a)(2). *S.C. Johnson & Sons, Inc. v. Boe*, 187 F.Supp. 517, 520 (E.D.Pa. 1960). In granting plaintiff's motion to dismiss in the *Boe* case, which motion had been served on defendant several weeks after plaintiff had been served with defendant's motion "for leave to file" a counterclaim, the district court noted that the whole purpose of Rule 41(a)(2) is to preserve to a defendant who has "pleaded" a counterclaim the jurisdiction of the court over the parties and over the defendant's claim. *S.C. Johnson, supra*, 187 F.Supp. at 520. The district court in *Boe* found that a motion for leave to file a counterclaim is not a "pleading" under

Rule 41(a)(2), and thus plaintiff's motion to dismiss under that rule was appropriate, since it preceded any "pleaded" counterclaim. *Id.*

**2.** Plaintiff asserts that the counterclaim was filed after defendant's counsel became aware that plaintiff had extensive debts and was likely to have to proceed without counsel. In response to defendant's assertion that plaintiff has provided no documentation or evidence to support its "lack of resources" claim, plaintiff avers that defendant offers no reason or basis for challenging its statement and advises it is prepared to submit such evidence if the court deems it relevant. At oral argument, plaintiff's counsel advised the court that plaintiff Chinook Research Laboratories, Inc., has not conducted any business since June of 1988, when all of its assets were sold at auction by the Small Business Administration.

later, the subsequent reassignment of the case to new government counsel. These reasons as a basis for delay in filing its counterclaim are most unpersuasive. *See Littlefield–Greene, Inc. v. United States*, 124 Ct.Cl. 105, 108, 109 F.Supp. 388, 389–90 (1953).

Under RUSCC 13(f), the court *may* by leave permit defendant to file an omitted counterclaim when the failure to do so at the time the answer was filed was due to "oversight, inadvertence or excusable neglect, or when justice requires...." Defendant's reasons for failure to file its counterclaim when it filed its answer are most unpersuasive. Defendant advises that its failure to file its counterclaim sooner was due to the withdrawal of plaintiff's counsel in February 1990 and the appearance of new counsel for plaintiff in May 1990; the designation of new government counsel in January 1990 and again in October 1990. These changes of counsel should not have affected the filing of the government's counterclaim under the circumstances of this case. Defendant's answer in this case was filed on December 7, 1989. Prior to filing its answer on December 7, 1989, defendant, on November 7, 1989, filed a second request for an enlargement of time to file its answer. In support of this request, defendant advised "additional time is required in order for us to determine whether it is appropriate to assert counterclaims in this case. Authorization to assert any counterclaim is necessary and the internal process by which such authorization is obtained would require additional time." Defendant, on December 7, 1989, filed its answer without asserting any counterclaim. Yet, at oral argument, defendant concedes that the counterclaim it now seeks to file is related to the reasons which led to the termination for convenience from which plaintiff's complaint arose. To assert, as defendant does, that defendant lacked sufficient evidence to file a counterclaim at the time it filed its answer, is most unpersuasive. While defendant may have lacked sworn statements to support a counterclaim at the time it filed its answer, defendant had sufficient facts in hand at that time to file a counterclaim. Under these circumstances, the court believes that defendant is outside the pale of RUSCC 13(f) since its decision not to file a counterclaim in its answer was not an oversight, or inadvertent, or the result of excusable neglect. Justice does not require that defendant, at this late date, be granted leave to file its counterclaim. *See Littlefield–Greene, Inc. v. United States, supra*, 124 Ct.Cl. at 108, 109 F.Supp. at 389–90.

Finally, if plaintiff lacks resources to continue with its claims against the government, it seems reasonable to assume it would also lack resources to defend against any counterclaim. If plaintiff lacks resources to assert a claim or defend against a counterclaim, it would seem reasonable to assume it would be unable to satisfy any judgment that defendant might obtain against it. Thus, allowance of defendant's motion for leave to file its counterclaim could be a futile act. Such a course of action would not be in the interest of justice.

Should defendant ignore the economics of litigation expressed above, defendant may be able to file its counterclaim in the appropriate federal district court. Thus, dismissal of plaintiff's complaint in this court may not, in any event, jeopardize defendant's interests in the counterclaim since it may be able to file the same in a district court.[3]

---

3. Defendant alleges its counterclaim arises "under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Contract Disputes Act (CDA), 41 U.S.C. § 601 *et seq.*, and the common law." Under the CDA, the court does not have jurisdiction over claims that a contractor has failed to present to the contracting officer. *AAI Corp. v. United States*, 22 Cl.Ct. 541, 544 (1991); *see also SMS Data Products Group, Inc. v. United States*, 19 Cl.Ct. 612, 614 (1990); *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 192, 645 F.2d 966, 976 (1981); 41 U.S.C. §§ 605(a), 609(a)(1). This also holds true for government claims against the contractor that can be brought under the CDA. *See Joseph Morton Co. v. United States*, 3 Cl.Ct. 780, 783 (1983), *aff'd*, 757 F.2d 1273 (Fed. Cir.1985); 41 U.S.C. § 605(a). Therefore, to the extent that defendant's counterclaim is governed by the CDA, the court may lack jurisdiction over it at this stage of the litigation.

However, the Federal Circuit has limited the holding of *Joseph Morton* to situations in which

### III

Plaintiff's motion to dismiss its complaint is granted since doing so comports with the Rules of the court and is otherwise justified. Plaintiff does not object to dismissal with prejudice. Defendant's motion for leave to file a counterclaim does not comport with the Rules and would not be in the interests of justice in this litigation and

liability for fraud has already been determined. *Martin J. Simko Constr., Inc. v. United States,* 852 F.2d 540, 546 (Fed.Cir.1988). In *Martin J. Simko,* the Claims Court dismissed the government's False Claims Act counterclaim for lack of jurisdiction, in reliance on *Joseph Morton,* because the counterclaim was not the subject of a contracting officer's final decision. *Martin J. Simko Constr., Inc. v. United States,* 11 Cl.Ct. 257 (1986), *vacated in part,* 852 F.2d 540 (Fed.Cir. 1988). On appeal, the Federal Circuit distinguished *Joseph Morton* on the basis that liability for fraud had already been established in that case, and held that it was error for the trial court to dismiss the government's fraud counterclaim for ·lack of jurisdiction, because fraud

accordingly, is denied.[4] The Clerk is directed to enter judgment dismissing the complaint with prejudice. No costs.

counterclaims need not be decided by the contracting officer before the court may exercise its jurisdiction. *Martin J. Simko, supra,* 852 F.2d at 548.

Therefore, it would appear that in the instant case, if defendant's counterclaim is brought under the False Claims Act, and not the under the CDA, the counterclaim need not be the subject of a contracting officer's decision before the court can exercise its jurisdiction.

4. At oral argument, defendant requested that the court award to defendant costs incurred relative to filing the answer and pursuing discovery in this case. The totality of the circumstances, however, does not warrant the award of any costs to defendant.