[No. 51655-8-I.   Division One.   April 5, 2004.]

FARMERS INSURANCE EXCHANGE, *Respondent*, v. ROBERT DIETZ,
ET AL., *Appellants*.

*Karen K. Koehler* (of *Lepley & Koehler, P.L.L.C.*), for appellants.

*Jill D. Bowman* and *Molly M. Daily* (of *Stoel Rives, L.L.P.*), for respondent.

Cox, C.J. — Robert Dietz and Christy A. Klein appeal the trial court's order denying reconsideration of its grant of the motion for voluntary dismissal of the complaint of Farmers Insurance Exchange and the counterclaim of Dietz and Klein pursuant to CR 41(a)(1)(B). Because the counterclaim of Dietz and Klein had not been "pleaded"—served and filed—prior to the service of Farmers' motion for dismissal and there is no showing of prejudice, the trial court correctly dismissed the counterclaim. Accordingly, we affirm.

Dietz and Klein are former employees of Farmers. The Washington State Trial Lawyer's Association (WSTLA) asked them to speak at a WSTLA continuing education seminar entitled, "The Rise of Colossus." "Colossus" is a computer program insurers use to place a value on general damage claims of insureds.

Farmers commenced this action seeking to enjoin Dietz and Klein from speaking at the seminar. Among other things, Farmers alleged they would disclose confidential and proprietary information at the seminar.

The parties agreed to an expedited discovery schedule. Farmers deposed Dietz and Klein on November 5, 2002.

The following morning, November 6, Farmers decided not to pursue its claims. During a telephone conversation between counsel that morning, Farmers sought a stipulated dismissal from Dietz and Klein. Dietz and Klein responded that they had sent out for service and filing an answer and counterclaim on the previous day. Thus, they would not agree to a stipulated dismissal. When Farmers stated that no answer and counterclaim had been served, Dietz and Klein offered to send a copy by facsimile. Farmers declined that offer.

The record establishes the following undisputed sequence of events on November 6, the day of the telephone conversation. Dietz and Klein filed their answer and counterclaim in the superior court at 9:40 A.M. At 10:09 A.M., after the telephone conversation between counsel, Farmers filed its CR 41(a)(1)(B) motion for voluntary dismissal. At 11:00 A.M., Farmers served its motion on Dietz and Klein. At 12:10 P.M., Dietz and Klein served Farmers with their answer and counterclaim.

The trial court granted Farmers' motion to dismiss and also dismissed the counterclaim of Dietz and Klein. But the court also granted them 10 days to submit written authority to support a motion for reconsideration. Following the parties' submissions of additional materials, the court denied the motion for reconsideration. It also entered its findings of fact and conclusion of law.

Dietz and Klein appeal the latter order.

## "PLEADED" COUNTERCLAIM

Dietz and Klein argue that the language of CR 41(a)(3) supports their argument that *filing* of their counterclaim in

superior court prior to Farmers' *service* of its motion for voluntary dismissal precludes dismissal of their counterclaim. Specifically, Dietz and Klein argue that the 9:40 A.M. filing of their counterclaim is sufficient to satisfy the word "pleaded" in CR 41(a)(3). We disagree.

Where a state procedural rule parallels a federal rule, we may look to the analysis of the federal rule for guidance where an issue has not been squarely addressed by the state.[1] But we are not bound by such analysis if it is unpersuasive.[2] We interpret court rules as if they were statutes.[3] We construe the civil rules "to secure the just, speedy, and inexpensive determination of every action."[4] We review a decision granting a motion for voluntary dismissal under CR 41(a) for abuse of discretion.[5] The application of a court rule to undisputed facts is a matter of law that we review de novo.

Washington courts have not squarely addressed the meaning of "pleaded" in CR 41(a)(3). CR 41(a) states, in relevant part:

### (a) Voluntary Dismissal.

(1) *Mandatory.* Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court:

. . . .

(B) By plaintiff before resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.

. . . .

(3) *Counterclaim.* If a counterclaim has been *pleaded* by a defendant prior to the service upon him of plaintiff's motion for dismissal, the action shall not be dismissed against the defen-

---

[1] *Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998).

[2] *Beal*, 134 Wn.2d at 777; *Beckman v. Wilcox*, 96 Wn. App. 355, 359, 979 P.2d 890 (1999), *review denied*, 139 Wn.2d 1017 (2000).

[3] *See State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993).

[4] CR 1.

[5] *Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190, 69 P.3d 895 (2003).

dant's objection unless the counterclaim can remain pending for independent adjudication by the court.[6]

Under CR 41(a)(1)(B), Farmers had a right to dismissal of its complaint because it moved to dismiss prior to the conclusion of its opening case. The dispute here is whether the court should also have dismissed the counterclaim of Dietz and Klein. As their counsel properly conceded at oral argument, their counterclaim "can remain pending for independent adjudication by the court," as the rule specifies. The issue is whether their counterclaim was "pleaded" by solely filing the counterclaim prior to service of Farmers' motion to dismiss.

While there are no Washington cases on point, at least two federal courts have dealt with this issue when construing identical language in the parallel federal rule, Fed. R. Civ. P. (FRCP) 41(a)(2).[7] Those cases both hold that *service* of a counterclaim is a critical event for purposes of determining whether dismissal under the rule is appropriate. Neither holds that filing of the counterclaim alone is sufficient.

The Court of Appeals for the Third Circuit in *United States v. Professional Air Traffic Controllers Organization (PATCO)*,[8] a per curiam opinion, held that the trial court properly granted a plaintiff's motion for voluntary dismissal. There, the government moved to dismiss its suit as

---

[6] Emphasis added.

[7] FRCP 41(a) reads in relevant part:

    **(a) Voluntary Dismissal: Effect Thereof.**

    . . . .

    (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. *If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.* Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Emphasis added.

[8] 449 F.2d 1299 (3d Cir. 1971).

moot prior to the filing of any counterclaim by the defendants.[9] After service of the motion, defendants filed and served a counterclaim. The district court granted the motion, and the appeals court affirmed, stating "Since the government's motion to dismiss was *served* prior to the *service* of defendants' counterclaim, the district court acted within the discretion granted to it by Rule 41(a)."[10]

The United States Claims Court adopted this reasoning in *Chinook Research Laboratories, Inc. v. United States*.[11] In that case, plaintiff Chinook served its motion for voluntary dismissal on the government on February 12, 1991.[12] Sometime on that same day, the government's counsel told Chinook's counsel that the government intended to file a counterclaim.[13] However, the government did not file its motion to file an amended answer and counterclaim until February 14, two days later. On these facts, the court stated "It has been held that the phrase 'if a counterclaim has been pleaded' means if a pleading containing a counterclaim has been *served* on plaintiff."[14] The *Chinook* court held that since no counterclaim was pleaded—served—before the government served its motion for voluntary dismissal, the court properly dismissed the action. In the words of the court, "[U]nder the rules, the critical date is the date plaintiff was *served* with defendant's motion, not the date it was filed with the court."[15] The court also noted that dismissal of the action did not prejudice defendant's pursuit of its counterclaim in another action.

Dietz and Klein fault the conclusions in *PATCO* and *Chinook* because neither case explains why "service" rather

---

[9] *PATCO*, 449 F.2d at 1299.

[10] *PATCO*, 449 F.2d at 1299 (emphasis added).

[11] 22 Cl. Ct. 853, 854 (1991).

[12] *Chinook*, 22 Cl. Ct. at 854.

[13] *Chinook*, 22 Cl. Ct. at 854.

[14] *Chinook*, 22 Cl. Ct. at 854 (emphasis added) (citing 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 41.09, at 41-97 (2d ed. 1990); *PATCO*, 449 F.2d at 1300)).

[15] *Chinook*, 22 Cl. Ct. at 854 (emphasis added).

than "filed" means "pleaded" under the rule. They imply that the lack of an articulated rationale in these cases means that we should not follow the federal construction of identical language in our parallel state rule.

■■ We note that in neither of the two cases did filing of the counterclaim precede the service of the motion for voluntary dismissal. Here, the filing of the counterclaim of Dietz and Klein did precede service of Farmers' motion for voluntary dismissal. But neither the absence of an articulated rationale in the federal cases nor the factual distinction that we note persuades us that "pleaded" within the rule means just "filed." Rather, we conclude that it means "served and filed."

The purpose of service is to notify the party of an action.[16] By serving a counterclaim on the plaintiff who desires to move for a voluntary dismissal of its complaint, the defendant provides notice that a counterclaim is at issue. Merely filing a counterclaim does not, in itself, provide notice of the counterclaim to the plaintiff. Once a plaintiff is on formal notice by service of the counterclaim, both sides may then decide whether and how they wish to proceed. By requiring service of a counterclaim on a plaintiff desiring to dismiss its case, we believe needless expenditure of time and effort may be avoided by both sides. In our view, this construction of the rule best serves the underlying purpose of construing the rules "to secure the just, speedy, and inexpensive determination of every action."[17]

As Dietz and Klein correctly point out, limiting the word "pleaded" to "served," as the federal cases do, ignores a rule of construction that different words used within the same rule are presumably meant to mean different things.[18] More specifically, they argue that had the drafters of CR

[16] *See Lund v. Benham,* 109 Wn. App. 263, 268, 34 P.3d 902 (2001), *review denied,* 146 Wn.2d 1018 (2002).

[17] CR 1.

[18] *Terry v. City of Tacoma,* 109 Wn. App. 448, 457, 36 P.3d 553 (2001), *review denied,* 146 Wn.2d 1012 (2002) ("It is well established that when different words are used in the same statute we will presume that the legislature intended a

41(a) intended "pleaded" to mean "served" they would have said so. They indicate this is particularly true since the words "pleaded" and "service" both appear in the same clause of the first sentence of CR 41(a)(3): "If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff's motion for dismissal, . . . ."

This argument defeats rather than advances their claim that "pleaded" means "filed" alone. If "pleaded" cannot mean "service" alone as they suggest, it also cannot mean "filed" alone. Any other conclusion would violate the rule they cite to support their argument.

We think the better argument is that "pleaded" for purposes of the rule means both "served" and "filed." Had the drafters of the rule intended pleaded to mean either filed or served alone, they could have said so. They did not.

Our conclusion that "pleaded" within the rule means "served and filed" is consistent with the dictionary definition for the word. *Black's Law Dictionary* indicates that "plead" means both.[19]

This construction serves practical purposes. Just as service of a counterclaim on a party serves the important function of providing notice to the plaintiff, filing a counterclaim with the court serves another important notice function—advising the court that a counterclaim is at issue. This serves to avoid wasting scarce judicial resources by ensuring that the court is apprised that a party wishes to proceed with a counterclaim and permits the court to focus on the question of whether that counterclaim should be dismissed or allowed to remain for independent adjudication. Again, this construction of the rule is consistent with the underlying purpose of construing the rules, "to secure

---

different meaning to attach to each word."). The principles of statutory construction also apply to the interpretation of court rules. *Greenwood*, 120 Wn.2d at 592.

[19] "**plead,** *vb.* . . . **3.** To file or deliver a pleading <the plaintiff hasn't pleaded yet>." BLACK'S LAW DICTIONARY 1173 (Brian A. Garner ed., 7th ed. 1999).

the just, speedy, and inexpensive determination of every action."[20]

Dietz and Klein fail to cite any persuasive authority interpreting CR 41(a)(3) or FRCP 41(a)(2) that supports their argument that a counterclaim may not be dismissed if it has been merely filed before service of the motion for voluntary dismissal. Their reliance on *In re Marriage of Daley*[21] is misplaced.

That case dealt with a default judgment under CR 55(a)(3) which provides that a defendant is entitled to advance notice of a motion for default if the defendant has appeared in the action. In *Daley*, the defendant failed to appear for a petition for dissolution and a default judgment was entered against him. The appellate court held that by previously filing an appearance, submitting responsive pleadings, and attending the status conference, the defendant "appeared" and "pleaded" for purposes of CR 55(a)(1) and (a)(3).

*Daley* is not relevant to the interpretation and application of CR 41. The rule was not at issue in that case and cannot be read to stand for the proposition that "pleaded" means "filed" for the purposes of CR 41.

Dietz and Klein further argue *Kohloff v. Ford Motor Co.*[22] provides support for their claim that filing a counterclaim before service of a voluntary motion to dismiss is sufficient to dismissal of their counterclaim under CR 41(a)(3). Again, we disagree.

First, the plaintiffs in *Kohloff* sought a *stipulated dismissal* under FRCP 41(a)(1)(i),[23] which requires the plain-

---

[20] CR 1.

[21] 77 Wn. App. 29, 888 P.2d 1194 (1994).

[22] 29 F. Supp. 843 (S.D.N.Y. 1939).

[23] FRCP 41.

    **(a) Voluntary Dismissal: Effect Thereof.**

    (1) *By Plaintiff; by Stipulation.* Subject to the provisions of *Rule 23(e)*, of *Rule 66*, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time

tiff to file a notice of dismissal before an answer or motion for summary judgment is served. Second, FRCP 41(a)(1)(i) does not contain the "has been pleaded" language at issue here. Third, Dietz and Klein gave Farmers actual notice (by service) of their intent to file a counterclaim only *after* Farmers served and filed its motion to voluntarily dismiss the action. Accordingly, reliance on this case is misplaced.

We hold that "pleaded" in CR 41(a)(3) as it relates to a counterclaim means "served and filed." Because it is undisputed that the counterclaim here was filed but not served at the time that Farmers served its motion for voluntary dismissal, the only remaining question is whether Dietz and Klein were prejudiced by the dismissal of the counterclaim.

## PREJUDICE

Alternatively, Dietz and Klein argue they were prejudiced by the dismissal of their counterclaim. They make the argument notwithstanding the concession at oral argument that their counterclaim may remain for independent adjudication.

█ We start with the premise that the mere prospect of a second lawsuit does not constitute the type of prejudice with which the rule is concerned.[24] There is no claim here of an expiring or expired statute of limitations or other legal or equitable hurdles that bar the defendants from bringing a second lawsuit. Furthermore, neither party appears to

---

before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . . (Emphasis added.)

[24] "[T]he mere fact that added legal expenses will be incurred if the suit is reinstated is not a sufficient ground for denial of a motion to dismiss without prejudice." *Tyco Labs., Inc. v. Koppers Co.*, 82 F.R.D. 466, 468 (E.D. Wis. 1979) (citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971); *Vienneau v. Shanks*, 78 F.R.D. 70 (W.D. Wis. 1978)).

have expended an inordinate amount of time, resources, or effort in the course of this short-lived action.[25]

Dietz and Klein appear to argue that they have been prejudiced by "gamesmanship" by Farmers. Specifically, they argue that once Farmers was advised that a counter-claim was out for filing and service, it should have accepted service of the defendants' answer and counterclaim by facsimile. Instead, Farmers rushed to file and serve its motion to dismiss.

Of course, while filing by facsimile is permitted under the rules, nothing required Farmers to accept service by fac-simile. We think that the trial judge correctly observed that "the race was definitely on when [Farmers] was told by [Dietz and Klein] that defendants had filed a counterclaim and would not agree to a stipulated dismissal of all claims . . . ." However, these facts alone neither constitute unethical conduct nor prejudice in our view.

Farmers served their motion for voluntary dismissal before Dietz and Klein served and filed their counterclaim. Their counterclaim had not been "pleaded" when Farmers served its motion for voluntary dismissal. Moreover, they failed to show any prejudice to preclude dismissal of their counterclaim. The trial court properly denied the motion to reconsider dismissal of that counterclaim.

We affirm the order denying the motion for reconsidera-tion.

GROSSE and KENNEDY, JJ., concur.

---

[25] *Compare Pace v. S. Express Co.*, 409 F.2d 331 (7th Cir. 1969) (concluding that the district court was justified in denying a motion to dismiss without prejudice where the case had been pending for one and one-half years, considerable discovery had been undertaken at a substantial cost to the defendant, and the defendant had already briefed its motion for summary judgment).