**CLD-346**                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1381
_____

BRUCE E. BALDINGER

v.

TRACEY CRONIN; MATTEO PATISSO;
THE NATIONAL FRAUD CONSTABLE;
LIQUID BRICK, INC.; JOHN DOES 6-30

Matteo Patisso,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 12-cv-07044)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect and
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Matteo Patisso, one of four named defendants in the District Court, appeals the District Court's order dismissing him from the case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, denying his request to transfer the case to the United States District Court for the Eastern District of New York, denying his motion for sanctions, and remanding the case to New Jersey state court. For the reasons that follow, we will dismiss the appeal in part for lack of appellate jurisdiction and summarily affirm to the extent that we have jurisdiction.

This is actually the second action involving Patisso and Bruce Baldinger, the plaintiff in the District Court. Baldinger, an attorney, instituted the first case (which is not directly at issue here) in the District of New Jersey in 2010, alleging that Patisso and another individual had defamed him. Ultimately, the Court entered judgment in favor of Baldinger and awarded him over $1 million in damages.

Meanwhile, in May 2011, Baldinger, in response to different allegedly defamatory statements made by unknown individuals, filed a lawsuit in New Jersey state court against various "John Doe" defendants; in October 2012, after allegedly learning that Patisso had been the source of the statements, Baldinger amended the complaint to name him. Patisso then removed the case to the District of New Jersey. Baldinger, in turn, claimed that the removal was procedurally improper and asked the District Court to remand the case to state court. Soon thereafter, Baldinger also filed a motion under Rule

2

41(a)(2) seeking an order voluntarily dismissing Patisso from the case. According to the motion, Baldinger had learned while trying to enforce his judgment in the previous case that Patisso was effectively judgment-proof, and Baldinger therefore saw no purpose in pursuing another action against him. Patisso, for his part, filed a flurry of motions in the District Court, including a request to transfer the case to the Eastern District of New York and a motion for sanctions pursuant to 28 U.S.C. § 1927.

Ultimately, the District Court granted the motion to dismiss Patisso, and then dismissed Patisso's pending motions and remanded the remainder of the case to New Jersey state court. (None of the other defendants have entered appearances, so the viability of the case at this point is unclear.) Patisso then appealed to this Court.

Our jurisdiction over this appeal is limited. Most critically, we do not have jurisdiction over the District Court's remand order. This Court's jurisdiction over district court orders remanding removed cases to state court is constrained by 28 U.S.C. § 1447(d). Subject to an exception not applicable here, § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" § 1447(d). The Supreme Court has stated that § 1447(d) "must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Section 1447(c) specifies two grounds for remand: (1) lack of subject matter jurisdiction and (2) any other defect (provided that the defect is

3

timely raised by the party seeking remand).  See Cook v. Wikler, 320 F.3d 431, 434-35 (3d Cir. 2003).  Here, the District Court remanded the case for lack of subject-matter jurisdiction, based on its analysis of the diversity rules.  This type of "routine" jurisdictional determination falls squarely within the prohibition of appellate review under § 1447(d), and we will therefore not review this part of the District Court's order. See Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126–28 (3d Cir. 1998).

We do, however, have jurisdiction over the District Court's order dismissing Patisso from the case pursuant to Rule 41(a)(2).  As an initial matter, because the dismissal order was "both logically precedent to, and separable from, the remand decision," § 1447(d) does not bar appellate review.  Carr v. Am. Red Cross, 17 F.3d 671, 675 (3d Cir. 1994).  Likewise, because the dismissal was without prejudice (rather than with prejudice, which would have been a complete victory for Patisso), it qualifies as an adverse judgment for Patisso.  See Brown v. Baeke, 413 F.3d 1121, 1123 n.3 (10th Cir. 2005) (collecting cases).

With that said, however, we discern no error in the District Court's order.  The grant or denial of a motion for voluntary dismissal under Rule 41 is within the District Court's sound discretion; the general rule is that such a motion should be granted liberally.  See In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990).  Here, there was no prejudice to Patisso — Baldinger filed his dismissal motion just months after naming Patisso, and before Patisso had even filed a responsive pleading.  See id.

Patisso argues that this ruling prejudiced him because it was rendered before he had the opportunity to file a counterclaim and build a case against Baldinger. However, even putting aside the fact that we see no reason why Patisso could not file his own action, an assertion about something Patisso might file in the future does not suffice to show that the District Court abused its discretion. See United States v. Prof'l Air Traffic Controllers Org., 449 F.2d 1299, 1300 (3d Cir. 1971).

Further, we conclude that the District Court properly determined that Patisso's dismissal from the case mooted his request to transfer the action to the Eastern District of New York. A case is moot when "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." Marcavage v. Nat'l Park Serv., 666 F.3d 856, 862 n.1 (3d Cir. 2012). Here, because Patisso was dismissed from the action, a venue ruling would not provide any meaningful relief to him. See generally CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 402 (4th Cir. 1995).[1]

Finally, while we have jurisdiction to consider the District Court's order denying Patisso's request for counsel fees, see Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 255 (6th Cir. 1997), his claim under 28 U.S.C. § 1927 fails.[2] We

---

[1] To the extent that Patisso asks us to transfer the matter to the Eastern District of New York, we deny his request.

[2] While the District Court erred in concluding that its dismissal of Patisso mooted the attorney's fees claim, see, e.g., Utah Animal Rights Coal. v. Salt Lake City Corp., 371

5

review the District Court's order for abuse of discretion; a court will grant fees where an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002). Here, Baldinger filed just a few documents in the District Court before voluntarily dismissing Patisso. Further, while this is the second case involving these parties, the cases concerned separate underlying facts. Thus, as the District Court held, Patisso is not entitled to relief under § 1927.

Accordingly, we will dismiss the appeal in part and summarily affirm the District Court's order in part. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Further, Patisso's motion to transfer is denied.

---

F.3d 1248, 1269 (10th Cir. 2004), we may affirm on any basis apparent in the record, see CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 622 n.6 (3d Cir. 2013).